# Illinois Official Reports

## Appellate Court

*People v. Pryor*, **2013 IL App (1st) 121792**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY PRYOR, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-1792 |
| Filed | December 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's sentence for unlawful use or possession of a weapon by a felon was vacated and the cause was remanded for resentencing since the conviction was improperly enhanced from a Class 3 to a Class 2 offense where the charging instrument failed to give defendant the notice required by section 111-3(c) of the Code of Criminal Procedure that an enhanced sentence was being sought. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-3619; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Sentence vacated; remanded for resentencing. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and James J. Morrissey, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |

Panel        PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justice Taylor concurred in the judgment and opinion.
Justice Palmer dissented, with opinion.

# OPINION

¶ 1       Defendant Anthony Pryor was convicted of one count of unlawful use or possession of a weapon (UUW) by a felon and sentenced to five years in prison. On this direct appeal, defendant raises claims that challenge only his sentence. Defendant claims: (1) that his UUW conviction was improperly enhanced from a Class 3 to a Class 2 offense where the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) when the State was seeking an enhanced classification of the offense; and (2) that defendant was subjected to an improper double jeopardy enhancement because the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense from a Class 3 to a Class 2 felony.

¶ 2       Since the second claim presents a constitutional issue and since we must always resolve a case on a nonconstitutional issue when possible, we must consider the statutory issue first. *In re E.H.*, 224 Ill. 2d 172, 178 (2006) ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort").

¶ 3       In support of his statutory claim, defendant relies on two opinions recently issued by the First District which invalidated Class 2 convictions for UUW when the State failed to comply with the notice requirement in section 111-3(c) (725 ILCS 5/111-3(c) (West 2010)): *People v. Easley*, 2012 IL App (1st) 110023; and *People v. Whalum*, 2012 IL App (1st) 110959. The State asks us to find that *Easley* and *Whalum* were wrongly decided and cites in support *People v. Nowells*, 2013 IL App (1st) 113209, which is readily distinguishable for reasons we discuss below.

¶ 4       The Illinois Supreme Court granted a petition for leave to appeal in March 2013 in the *Easley* case, which is one of the cases relied on by defendant. *People v. Easley*, No. 115581 (Ill. Mar. 27, 2013). Thus, we will have a definitive answer shortly by our supreme court on the question that we are called upon to answer today. Unless and until directed otherwise by our supreme court, we decline the State's request to conclude that our own recent precedent was wrongly decided. Thus, as we have done before in two prior cases from this district, we vacate defendant's sentence and remand for resentencing as a Class 3 felony.

¶ 5                           BACKGROUND

¶ 6       Since there is no factual issue before us and no issue concerning defendant's conviction, we set forth only the few relevant facts, which are the facts concerning the charging instrument and those concerning his sentencing.

¶ 7 Defendant was charged by information with two counts of UUW by a felon and with four counts of aggravated UUW. Counts I and II, which were the two counts of UUW by a felon, were for possession of a firearm and firearm ammunition, respectively. Both counts were based on defendant's "having been previously convicted of the felony offense of unlawful use of weapon, under case number 07 CR 18901."

¶ 8 Defendant was convicted of count I, which stated:

"Anthony Pryor committed the offense of unlawful use or possession of a weapon by a felon in that he knowingly possessed on or about his person any firearm, to wit, handgun, after having been previously convicted of the felony offense of unlawful use of a weapon, under case number 07 CR 18901, under the laws of the State of Illinois, in violation of Chapter 720, Act 5, Section 24-1.1(a) of the Illinois Compiled Statutes 1992 as amended ***."

The count did not state whether it was charging a Class 2 or Class 3 felony, and it did not state that the prosecutor was seeking an enhanced sentence.

¶ 9 The count, as written, appears to state that defendant's prior conviction was a violation of "Chapter 720, Act 5, Section 24-1.1(a)." The count states that defendant was "previously convicted of the felony offense of unlawful use of a weapon, under case number 07 CR 18901, under the laws of the State of Illinois, in violation of Chapter 720, Act 5, Section 24-1.1(a) of the Illinois Compiled Statutes 1992 as amended." However, according to defendant's presentence report, defendant's prior conviction was a violation of section 24-1, not section 24-1.1.

¶ 10 During trial, the State's evidence established that defendant possessed a gun on the night of February 7, 2011, and no issues are raised on appeal concerning the sufficiency of the State's evidence.

¶ 11 Before the State rested, the prosecutor stated, and the defense counsel agreed, that there was "a stipulation by and between the parties that the defendant has a prior felony conviction under case number 07 CR 18901." The stipulation did not state what the prior felony conviction was for, and the State did not introduce a certified copy of the conviction. The appellate record does not contain a certified copy of the conviction.

¶ 12 Although the stipulation did not describe the prior offense, the subsequent presentence report indicated that "Case # 07 CR 1891901" concerned a violation of "Statute 720-5/24-1(a)(7)(ii)." 720 ILCS 5/24-1(a)(7)(ii) (West 2010) (prohibiting the possession of a short-barreled shotgun).

¶ 13 Following a bench trial, defendant was found guilty on January 3, 2012, of count I, quoted above. The trial court did not enter any findings on the remaining counts, and it sentenced defendant to a Class 2 sentence of five years in prison.

¶ 14 At sentencing on May 29, 2012, the following discussion about the correct class of sentence occurred:

"THE COURT: State, do you believe–It's a Class Two, we know that, what's the range on this kind of charge?

PROSECUTOR: Judge, it's the State's position it's 3 to 14 years.

THE COURT: [Defense counsel], do you agree or disagree with the range?

DEFENSE COUNSEL: It's 3 to 7 years.

THE COURT: It's not 3 to 7. I think it's at least 3 to 10 but we'll see. Will somebody get me the file on Pryor, please, the one that's involved with the gun charge, 11 CR 3619.

PROSECUTOR: Judge, I have the statute.

THE COURT: What is it?

PROSECUTOR: 720 ILCS 5/24-1.1.

THE COURT: Okay. Thanks. It's unlawful for any person to knowingly possess on or about his person on his own land or abode, et cetera, any weapon if convicted of a felony previously. So far that applies in this case. And then penalty, violation of this section for anyone I just read by a person not confined to a penal institution, he wasn't confined at the time of the offense, it would be a Class Three felony. The person shall be sentenced to a term of not less than 2, no more than 10 years. Okay. So it's 2 to 10. State agree or disagree?

PROSECUTOR: Judge, I disagree. I think if there's a prior gun conviction it becomes 3 to 14.

THE COURT: Okay, let's see if you're right about that. The State is right, it's a Class Two, it carries 3 to 14. It's a very long sentencing paragraph, it takes about three inches, the print is small. [The prosecutor] is correct. It's a Class Two, 3 to 14 as opposed to 2 to 10. It won't be the top number anyway so it's academic but it's 3 to 14. ***

On the case before me, the weapons charge, 11 CR 3619, he'll be sentenced to five years in the Department of Corrections."

When the trial court observed "the State is right," defense counsel did not object. The trial court then sentenced defendant to a Class 2 sentence of five years in prison, and the mittimus also reflects a five-year sentence for a Class 2 felony. Defendant did not file a postsentencing motion and instead filed a notice of appeal on June 1, 2012; and this timely appeal followed.

¶ 15                                ANALYSIS

¶ 16    On this direct appeal, defendant claims: (1) that his UUW conviction was improperly enhanced from a Class 3 to a Class 2 offense where the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) that the State was seeking an enhanced classification of the offense; and (2) that defendant was subjected to an improper double jeopardy enhancement because the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense from a Class 3 to a Class 2 felony.

¶ 17    As we previously observed, we must consider the statutory claim first, since we must always resolve a case on a nonconstitutional issue if possible. *In re E.H.*, 224 Ill. 2d at 178 ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort").

- 4 -

¶ 18    In recent cases, the First District has already ruled twice in defendant's favor on the statutory issue: (1) *People v. Easley*, 2012 IL App (1st) 110023; and (2) *People v. Whalum*, 2012 IL App (1st) 110959. In this appeal, the State asks us to find that this recent precedent was wrongly decided and cites in support *dicta* in *People v. Nowells*, 2013 IL App (1st) 113209, which did not find these cases persuasive. For the reasons stated below, we remand for resentencing as a Class 3 felony.

¶ 19                                I. Standard of Review

¶ 20    Whether the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) is a question of statutory interpretation, which this court reviews *de novo*. *People v. Caballero*, 228 Ill. 2d 79, 82 (2008). *De novo* consideration means we perform the same analysis that a trial judge would perform. *People v. Colquitt*, 2013 IL App (1st) 121138, ¶ 29.

¶ 21    When we interpret a statute, our primary objective is to determine and give effect to the legislature's intent. *Crawford Supply Co. v. Schwartz*, 396 Ill. App. 3d 111, 117 (2009). The most reliable indication of the legislature's intent is the plain language of the statute itself. *Crawford*, 396 Ill. App. 3d at 117. When the language of the statute is clear, we must apply it as written. *Crawford*, 396 Ill. App. 3d at 117.

¶ 22    According to well-established rules of statutory interpretation, we must interpret a statute so that all the language used in the statute is given some effect and so that no word, clause or sentence is "rendered meaningless [or] superfluous." (Internal quotation marks omitted.) *People v. Jones*, 397 Ill. App. 3d 651, 657 (2009). See also *People v. Jones*, 214 Ill. 2d 187, 193 (2005) (the statute must be "construed so that no part of it is rendered meaningless or superfluous"); *Crawford*, 396 Ill. App. 3d at 117.

¶ 23                                     II. Waiver

¶ 24    To preserve a sentencing issue for appellate review, a defendant must both object at sentencing and raise the issue in a postsentencing motion. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010); *People v. Easley*, 2012 IL App (1st) 110223, ¶ 16. On this appeal, defendant concedes that he failed to do either. However, he argues that we may still review this issue because his sentence is void and therefore can be reviewed at anytime. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Since defendant's 5-year sentence was well within the 2- to 10-year sentencing range for the Class 2 sentence which he seeks, we do not find his sentence void. *Easley*, 2012 IL App (1st) 110023, ¶ 21 (finding that defendant's sentence was not void when defendant was sentenced "well within the range authorized by the statute"). "It is the function of the legislature to determine what is considered criminal conduct and to assign penalties for that conduct." *Easley*, 2012 IL App (1st) 110023, ¶ 17 (citing *People v. Taylor*, 102 Ill. 2d 201, 206 (1984)). Defendant fails to explain how his sentence exceeds the penalties assigned by the legislature for his conduct, and thus we do not find persuasive his voidness argument.

¶ 25    In the alternative, defendant asks us to review the error under the plain error doctrine. The plain error doctrine permits review of clear and obvious errors that were waived below. *People*

*v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. "[S]entencing issues are excepted from the doctrine of waiver when they affect a defendant's substantial rights." *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003). In *Carmichael*, we held: "We find that the defendant's contention that the offense of which he was convicted was improperly enhanced from a Class 3 felony to a Class 2 felony implicates substantial rights justifying review of the issue." 343 Ill. App. 3d at 859.

¶ 26     In addition, in both of the recent cases, the defendants failed to preserve the error below and we still reviewed the issue, since the issue affected defendant's substantial rights. *Easley*, 2012 IL App (1st) 110023, ¶ 30; see also *Whalum*, 2012 IL App (1st) 110959, ¶ 34. In both cases, we found that the sentencing error warranted a remand for resentencing. *Easley*, 2012 IL App (1st) 110023, ¶ 34; see also *Whalum*, 2012 IL App (1st) 110959, ¶ 37.

¶ 27     Our first task, which we begin below, is to determine whether there was any error. *Piatkowski*, 225 Ill. 2d at 565.

¶ 28                              III. Defendant's Sentence

¶ 29     Defendant was charged and convicted of UUW by a felon which provides, in relevant part:

> "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business *** any firearm *** if the person has been convicted of a felony ***." 720 ILCS 5/24-1.1(a) (West 2010).

¶ 30     Subsection (e) of section 24-1.1 governs sentencing for this offense and it is, as the trial court observed at sentencing, a long and detailed paragraph. It describes, first, when a violation shall be a Class 3 felony:

> "Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to no less than 2 years and no more than 10 years ***." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 31     Next it provides that the sentence shall be enhanced to a Class 2 felony if the defendant was previously convicted of violating this same section:

> "[A]ny second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

As noted above, count I, of which he was convicted, appeared to charge defendant with a "second or subsequent" violation of this same section, namely, section 24-1.1. 720 ILCS 5/24-1.1(e) (West 2010). However, the presentence report stated that defendant's prior violation was actually a violation of section 24-1. 720 ILCS 5/24-1 (West 2010).

¶ 32     Next, subsection (e) provides that the sentence shall be enhanced to a Class 2 felony if defendant was previously convicted of another firearms violation:

> "Violation of this Section by a person not confined in a penal institution who has been convicted of *** a felony violation of Article 24 of this Code *** is a Class 2 felony for

which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

It is pursuant to the above sentence that the prosecutor requested a sentence enhancement. At sentencing, the prosecutor stated that the sentence should be enhanced due to "a prior gun conviction," and the trial court agreed. Article 24 of the Criminal Code of 1961, referred to in the sentence above, is entitled "Deadly Weapons," and describes gun offenses. 720 ILCS 5/24-1 *et seq.* (West 2010).

¶ 33                                    IV. Notice Violation

¶ 34     Defendant claims that the State failed to provide him with notice of the State's intent to seek an enhanced sentence, as required by section 111-3 of the Code of Criminal Procedure of 1963. 725 ILCS 5/111-3 (West 2010).

¶ 35     Section 111-3 is entitled "Form of charge" and it proscribes what a charging instrument must state. 725 ILCS 5/111-3 (West 2010). Subsection (c) requires the charging document to specifically state when the prosecutor intends to seek an enhanced sentence. Section 111-3 provides that, "[w]hen the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence." 725 ILCS 5/111-3(c) (West 2010). In the case at bar, there is no dispute that the prosecutor, at sentencing, sought "an enhanced sentence because of a prior conviction." 725 ILCS 5/111-3(c) (West 2010). In addition, count I, which is quoted in the Background section above, did not "state the [prosecutor's] intention to seek an enhanced sentence." 725 ILCS 5/111-3(c) (West 2010). Thus, the State violated the plain language of section 111-3.

¶ 36     In addition to stating "the intention to seek an enhanced sentence," section (c) also requires the charging instrument to state the prior conviction which is serving as the basis of the enhancement. 725 ILCS 5/111-3(c) (West 2010). Section (c) provides that the charge shall "state the intention to seek an enhanced sentence *and* shall state such prior conviction." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2010). The "and" in this sentence indicates that both are required–both a statement of the State's intent to seek an enhanced sentence and a statement of what the prior conviction is. If a statement of only the prior conviction satisfied the requirements of the sentence, then the words about "intention" would become unnecessary, and we must interpret a statute in such a way as not to make any part superfluous. *Jones*, 397 Ill. App. 3d at 657. Since we must construe a statute such that no word or clause is rendered meaningless or superfluous, we cannot read "intention" and "conviction" as synonymous. *Jones*, 397 Ill. App. 3d at 657. Thus, the fact that the case number of defendant's prior conviction was mentioned somewhere in the charging instrument is not enough to satisfy the requirements of section (c).

¶ 37     Subsection (c) defines an enhanced sentence as follows:

> "For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***." 725 ILCS 5/111-3(c) (West 2010).

In the case at bar, defendant's "sentence" was "increased by a prior conviction from one classification of offense," namely, Class 3, "to another higher level classification of offense," namely, Class 2. Thus, according to the plain words of the statute, defendant received an "enhanced sentence" and, as discussed above, did not receive the notice required in the charging instrument.

¶ 38    As a result, there was error and, as we just explained, the error was clear and obvious from a plain reading of the statute. *Piatkowski*, 225 Ill. 2d at 565-66 (the error was clear and obvious from a plain reading of the instruction).

¶ 39    Even though defendant received a 5-year sentence which was well within the 2- to 10-year range for the lower Class 3 offense, that fact does not eliminate the section 111-3(c) violation or the effect on his substantial rights. In *People v. Jameson*, 162 Ill. 2d 282, 288 (1994), our supreme court held:

> "When the language of section 111-3(c) is considered in light of the legislative history of that statute, it is evident that the legislature intended that statute to reach those instances in which a prior conviction elevates the classification of the *offense* with which a defendant is charged and convicted, rather than simply the sentence imposed." (Emphasis in original.)

Thus, it is "the classification of the *offense*" which is at issue in section (c), not the actual "sentence imposed." (Emphasis in original.) *Jameson*, 162 Ill. 2d at 288. See *Carmichael*, 343 Ill. App. 3d at 861-62 (rejecting the State's argument that no remand for resentencing was needed since "the five-year sentence imposed still fell well below the maximum sentence for the Class 3 felony").

¶ 40    As this court has previously observed, "even if a sentence imposed under a wrong sentencing range fits within a correct sentencing range, the sentence must be vacated due to the trial court's reliance on the wrong sentencing range in imposing the sentence." (Internal quotation marks omitted.) *People v. Owens*, 377 Ill. App. 3d 302, 305-06 (2007). Similarly, in *Carmichael*, we held: "where we are unable to determine whether the trial court's mistaken belief that the Class 2 sentencing range of 3 to 14 years, rather than the Class 3 sentencing range of 2 to 10 years, applied affected the sentence it imposed, the appropriate course of action will generally be to vacate the defendant's sentence and remand for resentencing." *Carmichael*, 343 Ill. App. 3d at 862.

¶ 41    "Just as a trial judge has discretion in sentencing, he should be permitted [the discretion] to determine the effect, if any, of any errors" in sentencing. *People v. Nunez*, 263 Ill. App. 3d 740, 758 (1994).

¶ 42    In two recent cases, this court has held that, when the State fails to state in the charging instrument its intention to seek an enhancement in the classification of offense from Class 3 to Class 2, the sentence must be vacated and remanded for sentencing as a Class 3 felony. *Whalum*, 2012 IL App (1st) 110959, ¶ 37; *Easley*, 2012 IL App (1st) 110023, ¶¶ 32, 34. In both prior cases, the offense at issue was the same offense at issue here: unlawful use or possession of weapons by a felon, in violation of section 24.1 (720 ILCS 5/24-1.1(a) (West 2010)). In both

prior cases, as in our case, the offense had been waived below. With two cases from this district directly on point, we see no reason to depart from our established precedent.

¶ 43    The State cites in support *People v. Nowells*, 2013 IL App (1st) 113209, which did not find the *Easley* and *Whalum* cases persuasive. However, *Nowells* is readily distinguishable from the case at bar. In *Nowells*, the appellate court found that the defendant was placed on actual notice during trial about the type and class of the prior offense, which would then dictate the higher Class 2 sentence for his current offense. *Nowells*, 2013 IL App (1st) 113209, ¶ 29. The appellate court concluded that the defendant received notice about the type and class of his prior offense from "the certified statement of conviction and disposition in the No. 02 CR 15722 case, which was entered into evidence at trial." *Nowells*, 2013 IL App (1st) 113209, ¶ 29. By contrast, in the case at bar, no certified statement of conviction and disposition was entered into evidence at trial. In addition, as discussed above in the Background section, defendant's information was ambiguous at best, and misleading at worst, about the statutory section violated in the prior offense. In contrast to the certified statement of conviction and disposition entered during the *Nowells* trial, the stipulation entered at defendant's trial stated only that "defendant has a prior felony conviction under case number 07 CR 18901." The stipulation did not even state what the prior felony conviction was for. Thus, *Nowells* is distinguishable in that, in the case at bar, defendant did not receive the notice during trial that the *Nowells* defendant did.

¶ 44    In addition, the *Nowells* court reads into the statute an exception which is nowhere stated in the statute itself. The *Nowells* court reads section 111-3(c) to state that "notice is not necessary when the prior conviction is a required element of the offense." *Nowells*, 2013 IL App (1st) 113209, ¶ 26. However, nowhere does the statute actually say that and we hesitate to read into a statute exceptions which the legislature did not author. *Crawford*, 396 Ill. App. 3d at 117 ("[c]ourts should not depart from a statute's plain language by reading into it exceptions"). Thus, in addition to finding *Nowells* readily distinguishable, we also do not find it persuasive.

¶ 45                                    CONCLUSION

¶ 46    For the foregoing reasons, we vacate defendant's sentence and remand for resentencing.

¶ 47    Sentence vacated; remanded for resentencing.

¶ 48    JUSTICE PALMER, dissenting.

¶ 49    I respectfully dissent. The recent cases upon which the majority relies are the First District's decisions in *Easley*, 2012 IL App (1st) 110023, and *Whalum*, 2012 IL App (1st) 110959, where it was held that section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) applies to prosecutions for unlawful use of a weapon by a felon (UUW by felon). *Easley*, 2012 IL App (1st) 110023, ¶ 32; *Whalum*, 2012 IL App (1st) 110959, ¶ 37. This, however, is far from a settled question in the First District.

¶ 50    *Easley* and *Whalum* were decided on the same day, by the same division (Second) and written by the same author. More recently, however, in *Nowells*, 2013 IL App (1st) 113209,

another division of the First District (Fourth) explicitly rejected the holdings in *Easley* and *Whalum* in finding that section 111-3(c) does not apply to UUW by felon. *Nowells*, 2013 IL App (1st) 113209, ¶¶ 26-30. Contrary to the majority's contention, I find that *Nowells* is not distinguishable in any meaningful way. As a result, I find the more useful approach is to recognize that there is a split of authority in the First District and then to discuss what I find to be the more reasoned position.

¶ 51 As I noted above, I do not believe that *Nowells* is distinguishable in any meaningful way. First, our Fourth Division explicitly rejected the holdings in *Easley* and *Whalum*. *Nowells*, 2013 IL App (1st) 113209, ¶ 28. Second, the majority finds that *Nowells* is distinguishable in that, there, the appellate court found as a factual matter that the defendant was placed on actual notice about the type and class of the prior offense being relied upon by the State. However, actual notice of the prior offense alone would not be enough to satisfy the requirements of section 111-3(c). In fact, the majority today makes much of the fact that section 111-3(c) has two requirements and points to the word "and" in the section. The majority noted that section 111-3(c) provides that the charge shall "state the intention to seek an enhanced sentence *and* shall state such prior conviction." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2010). In *Nowells*, while the court found that notice of the prior conviction was given, there was no notice given of the intention to seek an enhanced sentence. As a result, section 111-3(c) was not satisfied. Nevertheless, and even though section 111-3(c) was not satisfied, the *Nowells* court affirmed the judgment of the trial court imposing the sentence on the greater class felony. *Nowells*, 2013 IL App (1st) 113209, ¶ 30. Simply put, *Nowells* found that, as a matter of law, section 111-3(c) did not apply. Consequently, in that this holding was essential to the outcome of the case, I also must respectfully disagree with the majority's characterization of it as *dicta*. See *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 277-78 (2009).

¶ 52 To put a finer point on this, the same situation was present in *Easley*. The *Easley* court noted that the parties had agreed that the State had given prior notice of the offense it was relying on, but it did not state its intention to seek an enhanced sentence. *Easley*, 2012 IL App (1st) 110023, ¶ 32. As a result, the *Easley* panel held that section 111-3(c) was not satisfied and reversal was required. *Easley*, 2012 IL App (1st) 110023, ¶ 32.[1] *Nowells* is not distinguishable on the grounds cited by the majority. There simply exists a split of authority.

¶ 53 I believe that *Nowells* is correctly decided. In the case of UUW by felon, the prior conviction is not an enhancement; it is an element of the offense. It, therefore, defines the offense and establishes its class. The majority states that *Nowells*, in finding that section 111-3(c) does not apply to prior convictions that are elements of the offense, has "read[ ] into the statute an exception which is nowhere stated in the statute itself." *Supra* ¶ 44. I disagree.

¶ 54 The majority fails to set forth the statute in its entirety. Section 111-3(c) provides in full:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. *However, the fact of such prior*

---

[1]Unfortunately, in *Whalum*, the appellate court did not discuss whether notice of the prior offense was given.

*conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.* For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2010).

The *Nowells* court relied on the above italicized sentence of section 111-3(c) and found that it necessarily implies that the section only applies when the prior conviction is not already an element of the offense. *Nowells*, 2013 IL App (1st) 113209, ¶ 26.

¶ 55 Illinois law has long held that, in prosecutions for the offense of UUW by felon, the prior felony conviction is an element of the offense which must be proven beyond a reasonable doubt by the State before the jury in its case in chief. See *People v. Walker*, 211 Ill. 2d 317 (2004) (recognizing that the prior felony conviction is an element of the offense of our UUW by felon statute and adopting the reasoning of *Old Chief v. United States*, 519 U.S. 172 (1997)). I feel that the majority's decision today fails to account for the underlying logic of *Old Chief* adopted by our supreme court in *Walker*.

¶ 56 *Old Chief* and *Walker* held that, in situations where a prior felony conviction was an element of the offense and had to be proven before a jury, it was error not to accept a defendant's offer to stipulate before the jury as to the fact of the conviction. *Walker*, 211 Ill. 2d at 338, 341 (citing *Old Chief*, 519 U.S. 172). This was done to lessen the prejudicial impact of telling the jury about the nature of the prior felony while at the same time informing the jury of its existence. *Walker*, 211 Ill. 2d at 341 (citing *Old Chief*, 519 U.S. 172). If the above-cited provision of section 111-3(c) applied to UUW by felon prosecutions whereby "the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial" (725 ILCS 5/111-3(c) (West 2010)), then the *Walker* decision adopting *Old Chief* was a wholly unnecessary exercise. That, of course, is not the case. Those cases were decided because our statute provides that the fact of the prior felony conviction is an element of the offense that must be proven before the jury. As section 111-3(c) provides that "the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial," these statutory provisions are incompatible. I believe, therefore, that section 111-3(c) does not apply to UUW by felon and would not reverse the judgment of the trial court on that basis.

¶ 57 As I would not reverse on statutory grounds, as the majority has, I would turn our attention to the constitutional claim that the defendant has been subjected to an impermissible double enhancement. I agree with the reasoning of our court in *People v. Powell*, 2012 IL App (1st) 102363, that no impermissible double enhancement occurs when the legislature clearly intends, as it did here, to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed. *Powell*, 2012 IL App (1st) 102363, ¶¶ 12-17.

¶ 58 Accordingly, in the matter at bar, I would affirm the judgment of the trial court and, thus, I respectfully dissent.