2014 IL App (1st) 122017

FIFTH DIVISION
March 14, 2014

No. 1-12-2017

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 12507 |
| | ) | |
| LOVELL POLK, | ) | Honorable |
| | ) | Clayton J. Crane, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE PALMER delivered the judgment of the court, with opinion
Justice McBride concurred in the judgment and opinion.
Presiding Justice Gordon dissented, with opinion.

**OPINION**

¶1    Following a jury trial, defendant Lovell Polk was convicted of the Class 2 offense of

unlawful use or possession of a weapon (UUW) by a felon (720 ILCS 5/24-1.1(a) (West 2010))

and he was sentenced to four years and six months in prison.  On direct appeal to this court,

defendant contends in his opening and supplemental briefs that (1) the sentence for his UUW by

a felon conviction must be reduced from a Class 2 offense to a Class 3 offense as the State failed

to notify him of its intent to seek an enhanced sentence; (2) he was subject to an improper double

enhancement because the same prior felony conviction was used to prove an element of the

UUW by a felon offense and to elevate it to a Class 2 felony; and (3) his mittimus must be

corrected.  For the reasons discussed below, we affirm defendant's conviction and sentence for

the Class 2 offense of UUW by a felon, but order that the mittimus must be corrected to exclude reference to the two counts that were dismissed via *nolle prosequi* before jury selection.[1]

¶2                                    BACKGROUND

¶3      At trial, Chineetha Curtis testified that on July 25, 2011, she was working as a security agent for the Chicago Transit Authority (CTA) at the Homan and Congress Blue Line Station in the city of Chicago.  Curtis stated that on that date, defendant approached her and told her that he had fought with a man and the man had taken his earrings.  When he asked whether she knew who had had been fighting earlier that day, Curtis responded that she did not know.  Curtis testified that defendant then lifted his shirt, revealing a gun inside his waistband.[2]  Curtis testified that defendant stated, "I'm going to bust a cap in his a***."  Curtis returned to her kiosk in the station.

¶4      Curtis testified that as she approached her kiosk, two police officers were walking toward her kiosk.  One of the officers walked toward defendant, who was standing in front of the station, and the other officer asked Curtis what was wrong.  Curtis testified that she pointed at defendant and told the officer that he had a gun.  The officer left and Curtis began to help a customer.  Curtis testified that she then heard an officer yell "freeze"; she turned and saw defendant twist around and run away from the officers.

¶5      Chicago police officers James Norris and Michael Brosnan each testified that on July 25, 2011, they were in uniform and working special enforcement for the CTA at the Homan station.  Brosnan testified that Curtis got his attention and told him that defendant had a gun in his

---

[1]      We note that, in addition the UUW by a felon charge, defendant was initially charged in the information with two counts of aggravated unlawful use of a weapon, which the State dismissed by *nolle prosequi* before jury selection.

[2]      Curtis identified the gun she saw on defendant as the gun that was admitted into evidence at trial.

waistband. Brosnan informed Norris of this and they then approached defendant. Brosnan testified that Norris put his hand on defendant's shoulder and asked defendant if he had anything on him that could hurt Norris. Brosnan testified that defendant then "spun around, reached into his pants pocket as he was crossing Homan Avenue, pulled out a silver automatic handgun and threw it to the ground." Brosnan was only five feet behind him at the time. Brosnan testified that they chased after defendant and he was apprehended about a block later.

¶6 Similarly, Norris testified that as he moved closer to defendant perform a protective pat-down, defendant moved around him and ran west down Homan Avenue. Norris also testified that he told defendant to drop the gun, and defendant reached into his right pocket as he ran and dropped a gun in the street; it looked like the gun came from his right pocket or right waistband. Norris was chasing after defendant and was only about two feet behind him when this occurred. Norris recovered the gun, which was a silver-plated .380-caliber automatic pistol and continued to pursue defendant. Norris testified that he subsequently placed the gun, which did not contain any ammunition, in inventory.

¶7 In addition, Chicago police officer Hanrahan testified that he was driving an unmarked police car in the vicinity that day when Hanrahan observed defendant run across Homan Avenue with a uniformed police officer running after him. Hanrahan testified that he followed defendant in the police car until defendant stopped running due to fatigue. Defendant was arrested and taken to the station.

¶8 Before resting its case, the State submitted an agreed stipulation to the jury that defendant had previously been convicted of a felony. The defense then rested without presenting any evidence. The jury found defendant guilty of UUW by a felon.

¶9 At sentencing, the State argued that defendant had one prior conviction in 2006 for

conspiracy to commit murder, for which he received a seven-year sentence. Defense counsel argued in mitigation that defendant was a good family man. In announcing defendant's sentence, the trial court stated that it had reviewed the presentence investigation and considered the presentation made by the defendant and "all statutory factors required of this Court for the sentencing." The trial court sentenced defendant to 4 ½ years' imprisonment, with credit for time served.

¶10 Defendant's mittimus set forth his sentence of four years, six months for the offense of "720-5/24-1.1(a) FELON POSS/USE FIREARM PRIOR," and listed it as a Class 2 felony. The mittimus also reflected the credit for time served and provided that "counts 2 and 3 merge with count 1."

¶11 Defendant filed a motion to reconsider and vacate the judgment, which the trial court denied. Defendant also filed a motion to reconsider his sentence on grounds that the sentence was excessive given his background and the nature of the offense, but the trial court denied the motion on June 20, 2012. Defendant filed a notice of appeal the same day.

¶12                                      ANALYSIS

¶13 In his first argument on appeal, defendant asserts that pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)), the State was required to give notice in the charging instrument of its intent to seek an enhanced sentence, *i.e.*, that it was charging him with a Class 2 felony. According to defendant, the failure to do so requires that his conviction be reduced to a Class 3 conviction. In response, the State maintains that because defendant was charged and convicted of UUW by a felon expressly premised on a prior forcible felony (conspiracy to commit murder), he could receive only one class of sentence – a Class 2 – and therefore a Class 3 sentence was unauthorized and the notice provision did not

apply.

¶14     As an initial matter, this court recognizes that there is a split of authority in the First District regarding this issue.  See generally *People v. Whalum*, 2012 IL App (1st) 110959, *pet. for leave to appeal pending*, No. 115582 (filed Jan. 28, 2013); *People v. Nowells*, 2013 IL App (1st) 113209, *pet. for leave to appeal pending*, No. 116839 (filed Oct. 31, 2013); *People v. Pryor*, 2013 IL App (1st) 121792, *pet. for leave to appeal pending*, No. 117276 (filed Jan. 31, 2014 ).  We further note that this issue is currently under review by our Supreme Court.  *People v. Easley,* 2012 IL App (1st) 110023, *appeal allowed*, No. 115581 (Ill. Mar. 27, 2013).

¶15     We also note that, in the present case, defendant concedes that he failed to preserve this issue for appellate review, but he argues that his claim of error is nevertheless reviewable because (1) his sentence is void and may be challenged at any time, (2) the error implicated his substantial rights and is thus subject to plain error review, and/or (3) his counsel rendered ineffective assistance in failing to properly preserve the issue and defendant suffered prejudice as a result.  "Where a defendant challenges his sentence as void, \*\*\* as defendant does here, we will review the sentencing issue even though it was not properly preserved for review because a void sentence can be corrected at any time."  *Nowells*, 2013 IL App (1st) 113209, ¶ 18. Moreover, forfeited claims of sentencing error "may be reviewed for plain error," and the defendant has the burden of demonstrating " 'either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing.' "  *Id.* (quoting *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)).  Under plain error review, we start by reviewing defendant's claim to determine whether any error occurred. *Id.* ¶ 20.

¶16     Additionally, this case requires that we interpret statutory language, which presents a

question of law reviewed *de novo*. *People v. Harris*, 203 Ill. 2d 111, 116 (2003). We are mindful that "[i]t is the purview of the legislature to determine what is considered criminal conduct, to assign penalties for that conduct, and to enact statutory provisions which enhance a criminal offense or enhance the applicable range of punishment for an offense. [Citation.] Although the trial court has discretion to impose a sentence, we review this issue *de novo* because it involves a question of law. [Citation.]" *Nowells*, 2013 IL App (1st) 113209, ¶ 21.

¶17    Turning to the statutory language involved in the case at bar, the UUW by a felon statute, section 24-1.1, sets forth the elements of the offense, along with the potential classifications and sentences:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of State Police under Section 10 of the Firearm Owners Identification Card Act

* * *

(e) Sentence.  Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person, *** shall be sentenced to no less than 2 years and no more than 10 years and any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. *Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony violation of Article 24 of this Code or of the Firearm Owners Identification Card Act,*

*stalking or aggravated stalking, or a Class 2 or greater felony under the Illinois*

*Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control*

*and Community Protection Act is a Class 2 felony for which the person shall be*

*sentenced to not less than 3 years and not more than 14 years*."  (Emphasis added.)  720

ILCS 5/24-1.1(a), (e) (West 2010).

¶18    Based on the above provision, in order to prove the offense of UUW by a felon the State must establish that a defendant "knowingly possessed a weapon or ammunition and that the defendant had previously been convicted of a felony."  *Nowells*, 2013 IL App (1st) 113209, ¶ 22 (citing 720 ILCS 5/24-1.1(a) (West 2010)).  Our court has recognized that the legislature, as reflected in the plain language of section 24-1.1, intended to prohibit convicted felons from possessing dangerous weapons. *Id.* ¶ 22 (citing *People v. Kelly*, 347 Ill. App. 3d 163, 167 (2004)).  Of particular relevance in the present case is the provision that a "[v]iolation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony."  720 ILCS 5/24-1.1(e) (West 2010).  A "forcible felony" includes, among other crimes, "first degree murder, second degree murder, *** and any other felony which involves the use or threat of physical force or violence against any individual."  720 ILCS 5/2-8 (West 2010).

¶19    In addition, section 111-3 of the Code outlines the information required when instituting criminal charges and for seeking an enhanced sentence:

"Form of charge.

(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty.

* * *

(c) When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(a), (c) (West 2010).

¶20 In interpreting this section, the Second Division of this court held in *People v. Whalum* that where the State charged the defendant with two counts of UUW by a felon, but did not state in the charging instrument what class conviction it sought, the State failed to provide the notice required by section 111-3(c) of the Code that it planned to seek to increase the classification of offense from a Class 3 to a Class 2. *Whalum*, 2012 IL App (1st) 110959, ¶ 37. Thus, the Second

Division held that the defendant was consequently entitled to be resentenced for a Class 3 felony. *Id.*

¶21    Along similar lines, the defendant in *People v. Easley* was convicted of UUW by a felon premised on his prior felony conviction of UUW. *Easley*, 2012 IL App (1st) 110023, ¶ 16. The State gave the defendant notice of the prior offense upon which it relied, but did not state its intention to seek an enhanced sentence pursuant to the " 'any second or subsequent violation shall be a Class 2 felony' " language in section 24-1.1(e). *Id.* ¶ 21 (quoting 720 ILCS 5/24-1.1(e) (West 2008)). On the same day, the Second Division of this court again concluded that, pursuant to section 111-3(c), the State was required to give notice to the defendant that it intended to charge him with a Class 2 rather than a Class 3 offense, and therefore, it vacated his sentence and remanded for resentencing as a Class 3 offense. *Id.* See also *People v. Pryor*, 2013 IL App (1st) 121792, ¶ 42 (vacating the defendant's sentence and remanding for resentencing as a Class 3 felony where the State failed to state in the charging instrument that it intended to seek enhancement from a Class 3 to a Class 2).

¶22    On the other hand, the Fourth Division of this court, in addition to the dissent in the *People v. Pryor* case from the Fifth Division, disagreed with the Second Division's holdings in *Easley* and *Whalum* with respect to the interpretation and application of section 111-3(c) involving a UUW by a felon charge. See *Nowells*, 2013 IL App (1st) 113209, ¶ 28; *Pryor*, 2013 IL App (1st) 121792, ¶¶ 49-58 (Palmer, J., dissenting).

¶23    In *Nowells*, the Fourth Division held that there was no error in sentencing the defendant to a Class 2 sentence for his UUW by a felon conviction despite the defendant's contention that the State failed to provide proper notice. *Nowells*, 2013 IL App (1st) 113209, ¶ 30. The defendant was convicted of UUW by a felon and sentenced as a Class 2 offender. The

9

indictment for the UUW by a felon charge was premised on his prior felony conviction of delivery of a controlled substance. *Id.* ¶¶ 3, 27. Examining the language of the UUW by a felon statute, section 24-1.1(e), and section 111-3 of the Code, the *Nowells* court reasoned:

> "In looking at the language of this statute, it is clear to us that the section 111–3(c) notice provision with which defendant is concerned only applies when the prior conviction that would enhance the sentence is not already an element of the offense. Specifically, the language of the section 111–3(c) notice provision itself implies as much when it states 'the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.' (Emphasis added.) 725 ILCS 5/111–3(c) (West 2010). Therefore, notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument." *Nowells*, 2013 IL App (1st) 113209, ¶ 26.

¶24 The *Nowells* court therefore concluded that the notice provision in section 111-3(c) was not applicable "because the State did not seek to enhance defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation." (Emphasis in original.) *Nowells*, 2013 IL App (1st) 113209, ¶ 27. In support, the court relied on the language of section 24-1.1(e) (720 ILCS 5/24-1.1(e) (West 2010)) ("Violation of this section by a person *** who has been convicted of *** a Class 2 or greater felony under the Illinois Controlled Substances Act *** is a Class 2 felony ***") and cited the holding in *People v. Powell*, 2012 IL App (1st) 102363, ¶ 12 (concluding the trial court did not impermissibly enhance the defendant's penalty for his UUW by a felon conviction because the

legislature, in enacting section 24-1.1(e), determined that he committed a Class 2 felony and established a special penalty range). *Nowells*, 2013 IL App (1st) 113209, ¶ 27. The *Nowells* court found no error because "the record establishes that a Class 2 sentence was the only possible sentence classification defendant could have received after having been charged with the crime of UUW by a felon specifically premised on his prior Class 2 felony drug conviction." *Id.* ¶ 30.

¶25    This court finds that the reasoning in *Nowells* and the dissent in *Pryor* to be more persuasive on this issue. In the case of UUW by felon, the prior conviction is not an enhancement; it is an element of the offense. Therefore, it defines the offense and establishes its class. As noted in another recent case from our Second Division, "Illinois law has long held that, in prosecutions for the offense of UUW by felon, the prior felony conviction is an element of the offense which must be proven beyond a reasonable doubt by the State before the jury in its case in chief." *People v. McFadden*, 2014 IL App (1st) 102939, ¶ 42 (citing *People v. Walker*, 211 Ill. 2d 317 (2004), for its holding that having a "prior felony conviction is an element of the offense of our UUW by [a] felon statute and adopting the reasoning of *Old Chief v. United States*, 519 U.S. 172 (1997)").

¶26    Defendant fails to account for the underlying logic of *Old Chief*, adopted by our supreme court in *Walker*. As explained by the dissent in *Pryor:*

> "*Old Chief* and *Walke*r held that, in situations where a prior felony conviction was an element of the offense and had to be proven before a jury, it was error not to accept a defendant's offer to stipulate before the jury as to the fact of the conviction. *Walker*, 211 Ill. 2d at 338, 341 (citing *Old Chief*, 519 U.S. 172). This was done to lessen the prejudicial impact of telling the jury about the nature of the prior felony while at the same time informing the jury of its existence. *Walker*, 211 Ill. 2d at 341 (citing *Old Chief*, 519

11

U.S. 172). If the above-cited provision of section 111-3(c) applied to UUW by felon prosecutions whereby 'the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial' (725 ILCS 5/111-3(c) (West 2010)), then the *Walker* decision adopting *Old Chief* was a wholly unnecessary exercise. That, of course, is not the case. Those cases were decided because our statute provides that the fact of the prior felony conviction is an element of the offense that must be proven before the jury. As section 111-3(c) provides that 'the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial,' these statutory provisions are incompatible." *People v. Pryor*, 2013 IL App (1st) 121792, ¶ 56 (Palmer, J., dissenting).

¶27    Based on our above analysis, we conclude that section 111-3(c) does not apply to UUW by a felon in this case. Turning to the charging document in case at hand, we note that count I of the information alleged that on July 25, 2011, in Cook County, defendant committed the offense of:

> "UNLAWFUL USE OR POSSESSION OF A WEAPON BY A FELON
>
> In that HE, KNOWINGLY POSSESED ON OR ABOUT HIS PERSON ANY FIREARM, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF CONSPIRACY TO COMMIT MURDER, UNDER CASE NUMBER 04CR2953202,
>
> IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED ***."

¶28    The record reflects that the charging instrument complied with section 111-3(a) of the Code. Defendant was provided with notice of the nature of the prior conviction upon which the

UUW by a felon charge was predicated, in addition to the name of the charged offense, the statutory citation of the offense, the nature and elements of the charged offense, the date and county of the offense, and the name of the accused. We also note that the information indictment return sheet listed the UUW by a felon charge as a Class 2 felony.[3] Moreover, defendant does not argue that he was unaware of what prior felony was serving as the basis for his UUW charge. Conspiracy to commit murder qualifies as a forcible felony. 720 ILCS 5/2-8 (West 2010). Accordingly, the charge of UUW by a felon could only be a Class 2 felony. 720 ILCS 5/24-1.1(e) (West 2010).

¶29　As the *Nowells* court held, the notice provision in section 111-3(c) was not applicable here "because the State did not seek to enhance defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation." (Emphasis in original.) *Nowells*, 2013 IL App (1st) 113209, ¶ 27. Thus, in arguing that he should be resentenced for a Class 3 offense, defendant essentially asks this court to reduce his sentence to one that is not authorized by the legislature. We decline to do so. Because the sentence imposed by the trial court was proper, we conclude that no error occurred, and defendant's sentence is not void. *Nowells*, 2013 IL App (1st) 113209, ¶ 30. Nor did defendant receive ineffective assistance of counsel, as counsel was not obligated to advance meritless arguments. *People v. Ivy*, 313 Ill. App. 3d 1011, 1018 (2000).

¶30　Defendant contends in his supplemental briefing that he was subjected to an improper double enhancement because the same prior felony conviction was used to prove an element of

---

[3]　At trial, defendant stipulated that he had previously been convicted of a felony; the nature of the felony was not disclosed to the jury, but outside the jury's presence the court and the parties discussed the fact that it was a conviction for conspiracy to commit murder.

the UUW by a felon offense and to elevate it to a Class 2 felony.[4] Defendant again concedes that this claim of error was not properly preserved below, but urges this court's review under the plain error doctrine. *Nowells*, 2013 IL App (1st) 113209, ¶¶ 18-20; *Hillier*, 237 Ill. 2d at 545. See *People v. Powell*, 2012 IL App (1st) 102363, ¶ 7 (deciding to review the defendant's forfeited claim of improper double enhancement in sentencing under the plain error rubric).

¶31 According to the general prohibition against double enhancement, "[a] single factor cannot be used both as an element of an offense and as a basis for imposing a sentence harsher than might otherwise have been imposed." *People v. Powell*, 2012 IL App (1st) 102363, ¶ 8 (citing *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004)). "The prohibition against double enhancements is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense." *Phelps*, 211 Ill. 2d at 12. However, an exception to this general rule arises where "the legislature clearly intends to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed." *Powell*, 2012 IL App (1st) 102363, ¶ 8 (citing *Phelps*, 211 Ill. 2d at 12). The best evidence of such an intention is gleaned from the text of the statute itself. *Id.* As the rule against double enhancement "is one of statutory construction," we review this issue *de novo*. *Phelps*, 211 Ill. 2d at 12.

¶32 Defendant is correct in asserting that a single factor cannot be used both as an element of an offense and as a basis for imposing a sentence harsher than might otherwise have been imposed, as it would constitute a double enhancement. *Powell*, 2012 IL App (1st) 102363, ¶ 8. However, we find that, based on the clear language of section 24-1.1(e), the legislature explicitly

---

[4] We note that this argument must be considered to be in the alternative, as the premise of defendant's first argument is that the prior felony is not an element of the crime, where here defendant claims exactly the opposite is the case.

stated its intention to enhance the penalty based on some aspect of the offense. As previously set forth, section 24-1.1(e) provides in relevant part that a "[v]iolation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony." 720 ILCS 5/24-1.1(e) (West 2010). Accordingly, given this clear directive, we find that this created an exception to the prohibition against double enhancement. *Powell*, 2012 IL App (1st) 102363, ¶¶ 11-17. We agree with the reasoning in *Powell* that no impermissible double enhancement occurs when the legislature clearly intends, as it did here, to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed. *Id*. See also *Easley*, 2012 IL App (1st) 110023, ¶¶ 16-22 (finding that the defendant's sentence did not constitute an improper double enhancement where the defendant's prior conviction of UUW was used to convict him of the current UUW offense and also to elevate his current UUW conviction to a Class 2 felony pursuant to section 24-1.1(e) as a "second or subsequent violation"). Accordingly, we conclude that no improper double enhancement occurred in this case.

¶33    Defendant also argues on appeal that his mittimus should be corrected to strike the language merging the counts into his conviction that were dismissed prior to trial, and to strike the term "use" from the name of the offense in the mittimus. The State agrees that the language "counts 2 and 3 to merge with count 1" should be stricken from the mittimus because they were dismissed via *nolle prosequi* before jury selection. Accordingly, we direct the clerk of the circuit court of Cook County to correct the mittimus by removing mention of those counts. See *People v. Harper*, 387 Ill. App. 3d 240, 244 (2008) (indicating that this court has the authority to correct the mittimus at any time without remanding the matter to the trial court). However, we deny defendant's request to strike the word "use" from the mittimus, as this term was correctly

15

included.[5] Defendant was tried and convicted for violation of section 24-1.1(a); the offense defined in that section is entitled, "Unlawful Use or Possession of Weapons by Felons or Persons in the Custody of the Department of Corrections Facilities." 720 ILCS 5/24-1.1(e) (West 2010). Given that the language used to denote defendant's UUW by a felon conviction adheres to the title of the statute itself, it was correct to allow the mittimus to be labeled with this same term.

¶34                                           CONCLUSION

¶35     For the reasons stated above, the judgment of the circuit court of Cook County is affirmed. We order that defendant's mittimus be corrected as directed.

¶36     Affirmed; mittimus corrected.

¶37     PRESIDING JUSTICE GORDON, dissenting.

¶38     I must respectfully dissent from the majority's holding, which concludes that defendant was properly convicted of the Class 2 form of the UUW offense rather than the Class 3 form of the offense, because the State failed to give him notice that it was seeking to charge him with an enhanced Class 2 form of the UUW offense, as required by section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)).

¶39     The majority reaches this holding by suggesting that an opinion that I recently authored, *People v. Pryor*, 2013 IL App (1st) 121792, was wrongly decided. In *Pryor*, Justice Taylor concurred with the opinion that I authored and Justice Palmer dissented. In today's opinion, Justice Palmer, as the author, together with Justice McBride constitute the majority.

¶40     The majority's opinion acknowledges that there is a split in authority among the appellate courts on this issue and that our supreme court has already accepted this issue for review. For

---

[5]     The name of the offense in the mittimus is listed as "FELON POSS/USE FIREARM PRIOR."

the reasons that I already stated in the *Pryor* opinion, which I authored just a few months ago, I dissent here.

THE PEOPLE OF THE STATE OF ILLINOIS,

   Plaintiff-Appellee,

v.

LOVELL POLK,

   Defendant-Appellant.

No. 1-12-2017

Appellate Court of Illinois
First District, Fifth Division

March 14, 2014

JUSTICE PALMER delivered the judgment of the court, with opinion.
Justice McBride concurred in the judgment and opinion.
Presiding Justice Gordon dissented, with opinion.

Appeal from the Circuit Court of Cook County.

For APPELLANT: Michael J. Pelletier, Alan D. Goldberg, and Kristen E. Mueller, all of the State Appellate Defender's Office, of Chicago

For APPELLEE: Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, Assistant State's Attorneys, of counsel).