# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Nowells*, 2013 IL App (1st) 113209

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS NOWELLS, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-3209 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 26, 2013<br><br>November 4, 2013<br>November 7, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Class 2 sentence of 54 months in prison imposed on defendant following his conviction for unlawful use of a weapon by a felon was upheld over defendant's contention that the State failed to give him proper notice of the potential sentence, since defendant failed to preserve the issue for review and the plain error doctrine did not apply where the Class 2 sentence was the only possible sentence classification defendant could have received after being charged with unlawful use of a weapon by a felon premised on his prior Class 2 felony drug conviction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-8471; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Adrienne N. River, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Presiding Justice Howse and Justice Lavin concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, defendant Curtis Nowells was convicted of unlawful use of a weapon by a felon (UUW by a felon). The trial court sentenced defendant to a Class 2 sentence of 54 months in prison. Defendant appeals, contending that he was improperly sentenced to a Class 2 sentence where the State allegedly failed to give him proper notice of his potential sentence. Defendant asks that we vacate his sentence and remand this cause for a new sentencing hearing. For the following reasons, we affirm.

¶ 2    I. BACKGROUND

¶ 3    Defendant was charged with two counts of UUW by a felon and four counts of aggravated unlawful use of a weapon. Count I for UUW by a felon charged a Class 3 offense in that defendant "knowingly possessed on or about his person any firearm, after having been previously convicted of the felony offense of delivery of a controlled substance, under case number 02CR-15772." Count II was identical except that it alleged he possessed firearm ammunition.

¶ 4    Prior to trial, defendant filed a motion to quash his arrest and suppress evidence, which the trial court denied. This motion is not at issue in the case at bar. At trial, the parties and the court agreed to incorporate the testimony from the hearing on the motion to quash the arrest and suppress evidence as evidence at the bench trial. Both the hearing on the motion to suppress and the trial occurred on September 13, 2011.

¶ 5    The State presented evidence that, on May 15, 2011, Chicago police officer Vega and two other police officers received a radio call about an alleged aggravated assault involving a black Chevrolet Impala vehicle with female occupants and three black male occupants. Officer Vega and her partners arrived at 5410 South Prairie and saw defendant, the only occupant of the vehicle, sitting in the passenger seat of a black Chevrolet Impala. As officers approached the car they observed the butt end of a handgun sticking out of a bag on the

backseat.

¶ 6    The officers detained defendant and recovered the weapon, a semiautomatic handgun. Officer Vega testified that the gun was loaded with 10 bullets in the magazine and 1 bullet in the gun's chamber. Officer Vega testified that defendant was advised of his *Miranda* rights and was then transported to the police station. Officer Vega testified that, at the police station, defendant told her he had gotten the gun from his girlfriend, who had gotten it from her brother.

¶ 7    At the close of the State's evidence, the State offered into evidence a certified copy of defendant's conviction in case No. 02 CR 15772, showing that defendant was convicted on April 21, 2003, of the Class 2 felony offense of possession of a controlled substance with intent to deliver less than one gram in violation of section 401(d) of the Illinois Controlled Substances Act (720 ILCS 570/401(d) (West 2002)). In so doing, the assistant State's Attorney referred to the conviction by stating:

"[ASSISTANT STATE'S ATTORNEY] Q: I have no further live testimony. I would like to offer into evidence People's Exhibit 1, which is a certified copy of conviction for defendant Curtis Nowells for case number 02 CR 15772 showing the defendant was convicted on April 21st of 2003 for the offense of possession of a controlled substance with intent to deliver less than 1 gram, Class 2 felony."

¶ 8    Jalisa Graham, defendant's girlfriend, testified on defendant's behalf that she and a friend were with defendant on May 15, 2011. She and her friend were upstairs in a nearby building and defendant was downstairs in the vehicle when the police arrived. She watched as police pulled defendant from the car in which he was sitting. She testified that she saw the police recover a gun from a bag in the car.

¶ 9    Defendant testified on his own behalf. Defendant denied having had a gun in the car and said he knew nothing about the gun found in the car. He denied having told the police that he had a gun. He explained that the Chevrolet Impala belonged to his girlfriend and he was just waiting in the car for her to run inside to use the washroom when the police came knocking on the car window and arrested him.

¶ 10    The court found defendant guilty of UUW by a felon. In so doing, it specifically found Officer Vega's testimony more credible than that of defendant, noting:

"THE COURT: The Court heard the evidence at this trial. I heard some testimony between Officer Vega and the defendant. I find in this case Officer Vega's testimony to be far more credible and compelling than that of defendant. She took notice of the car the defendant happened to be in because of the report of some kind of aggravated assault that had taken place, checking that out. Saw a gun in the car. Asked Mr. Nowells to get out. Turned out he was not the person wanted for that aggravated assault. But that corroborates exactly the statement made to her, that he got the gun from somebody else, *** and there was [a] male involved in that transaction of transferring the gun back and forth. I do find he had the gun in the car, had possession of it, wasn't trying to get rid of it. Finding of guilty."

¶ 11    Defendant appeared in court for sentencing approximately one month later. At the sentencing hearing, the trial court first noted that the presentencing investigation report had

been distributed. Defendant's attorney waived the three-day review period and confirmed that defendant had no corrections to submit regarding the presentencing investigation report. In aggravation, the State informed the court that defendant had four prior felony convictions, stating:

"[ASSISTANT STATE'S ATTORNEY]: Your Honor, the defendant has four prior felony convictions. One of those being under 02 CR 15772, which is a PCS with I, which was a Class 1 offense, which makes him non-probationable on this offense."

¶ 12    In mitigation, defendant's attorney argued that defendant was a "family man" with multiple children, and asked for the "minimum" sentence. Defendant, in allocution, argued that he took care of his children and asked for leniency.

¶ 13    The trial court sentenced defendant to 54 months' incarceration, stating:

"THE COURT: Your history involves small drug cases, had weapons, and been in and out of the system repeatedly as a juvenile and as an adult, in and out of the department of corrections as a juvenile and as an adult, running around with a gun. You know better. The sentence will be 54 months in the penitentiary."

¶ 14    The mittimus, included in the record on appeal, lists this current conviction as a Class 2 felony conviction.

¶ 15    Defendant appeals his sentence.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, defendant contends that the trial court erred in sentencing him as a Class 2 felon for unlawful use of a weapon by a felon where the State had charged him with the Class 3 offense of unlawful use of a weapon by a felon and did not give defendant proper notice that it was charging him with an enhanced Class 2 offense. Specifically, defendant argues that the State should have provided him notice pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) that it was, in fact, charging him with a Class 2 felony.[1] We disagree.

¶ 18    As an initial matter, defendant has failed to preserve this issue for review. *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988) (In order to preserve an issue for appeal, a party must first make an objection to the alleged error at trial, and then raise it in a posttrial motion.); see also *People v. Allen*, 222 Ill. 2d 340, 352 (2006) (noting that "even constitutional errors can be forfeited"). Where a defendant challenges his sentence as void, however, as defendant does here, we will review the sentencing issue even though it was not properly preserved for review because a void sentence can be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). A sentencing issue is forfeited unless the defendant both objects to the error at the sentencing hearing and raises the objection in a postsentencing motion. *People v. Freeman*, 404 Ill. App. 3d 978, 994 (2010) (citing *People v. Hillier*, 237 Ill. 2d 539, 544 (2010)). Nevertheless, forfeited claims related to sentencing issues may be reviewed for plain

---

[1]Defendant's challenge on appeal is limited to notice; he does not challenge the sufficiency of the evidence before the court.

error. *Hillier*, 237 Ill. 2d at 545. The plain error doctrine allows "a reviewing court to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189 (2010); see also *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007) (citing *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)); see also Ill. S. Ct. R. 615(a) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545.

¶ 19    Here, defendant contends that plain error is established under the second prong, that is, defendant's substantial rights were affected such that he was denied a fair hearing. This court has stated:

> "We agree that where plain error is applicable, for example, where consecutive or extended sentences are imposed without legal justification, a reviewing court should address the merits of a defendant's sentencing contention, waiver considerations notwithstanding.
>
> We should be cautious, however, about ignoring the waiver rule only because 'substantial' or 'fundamental' rights are implicated. Such rights are always invoked when defendants seek to address und sentencing issues. *** We stress that the presence of plain error must be linked to the concept of substantial rights." *People v. Reed*, 282 Ill. App. 3d 278, 281 (1996).

Under either prong of the plain error doctrine, the burden of persuasion remains on the defendant. *People v. Bowman*, 2012 IL App (1st) 102010, ¶¶ 29-30 (citing *People v. Lewis*, 234 Ill. 2d 32, 43 (2009)). Based on the circumstances presented in the instant cause, defendant cannot meet his burden here.

¶ 20    Here, we elect to consider this alleged error pursuant to the plain error doctrine. "The first step of plain-error review is to determine whether any error occurred." *Lewis*, 234 Ill. 2d at 43; see also *People v. Wilson*, 404 Ill. App. 3d 244, 247 (2010) ("There can be no plain error if there was no error at all ***."). This requires "a substantive look" at the issue raised. *People v. Johnson*, 208 Ill. 2d 53, 64 (2003). We will therefore first review defendant's claim to determine if there was any error before considering it under plain error.

¶ 21    It is the purview of the legislature to determine what is considered criminal conduct, to assign penalties for that conduct, and to enact statutory provisions which enhance a criminal offense or enhance the applicable range of punishment for an offense. *People v. Thomas*, 171 Ill. 2d 207, 223 (1996). Although the trial court has discretion to impose a sentence, we review this issue *de novo* because it involves a question of law. *People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008); see also *People v. Harris*, 203 Ill. 2d 111, 116 (2003) (The

construction of a statute is a question of law for which review is *de novo*.).

¶ 22 To prove UUW by a felon, the State must prove that the defendant knowingly possessed a weapon or ammunition and that the defendant had previously been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2010). Section 24.1-1.1(e) of the UUW by a felon statute sets forth the possible classifications and sentences for this offense:

"(e) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person *** shall be sentenced to no less than 2 years and no more than 10 years and any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony violation of Article 24 of this Code or of the Firearm Owners Identification Card Act, stalking or aggravated stalking, *or a Class 2 or greater felony under the Illinois Controlled Substances Act*, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." (Emphasis added.) 720 ILCS 5/24-1.1(e) (West 2010).

"The plain language of section 24-1.1 reveals that the legislature's intent was to keep dangerous weapons, including but not limited to firearms, out of the hands of convicted felons in any situation whether it be in the privacy of their own home or in a public place." (Emphasis omitted.) *People v. Kelly*, 347 Ill. App. 3d 163, 167 (2004).

¶ 23 Section 111-3(c) of the Code of Criminal Procedure delineates what must be included in a criminal charge:

"Form of charge.

(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." 725 ILCS 5/111-3(a) (West 2010).

¶ 24 Here, the charging instrument read, in pertinent part:

"The State's Attorney of Cook County now appears before the Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that on or about May 15, 2011 at and within the County of Cook

Curtis Nowells

committed the offense of    UNLAWFUL USE OR

POSSESSION OF A WEAPON BY

A FELON

-6-

in that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF DELIVERY OF A CONTROLLED SUBSTANCE, UNDER CASE NUMBER 02CR-15772, UNDER THE LAWS OF THE STATE OF ILLINOIS,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois."

This charging instrument complied with section 111-3 in that it included: the name of the offense (unlawful use or possession of a weapon by a felon); cited the statutory provision alleged to have been violated ("Chapter 720 Act 5 Section 24-1.1(a) of the Illinois Compiled Statutes 1992 as amended"); the nature and elements of the offense charged ("he, knowingly possessed on or about his person any firearm, after having been previously convicted of the felony offense of delivery of a controlled substance under case number 02CR-15772"); and stated defendant's name as that of the accused. See 725 ILCS 5/111-3(a) (West 2010).

¶ 25    Defendant, however, contends that was not provided notice pursuant to section 111-3(c) that he was being charged with a Class 2 offense of UUW by a felon.

¶ 26    Section 111-3(c) provides, in pertinent part:

"(c) When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2010).

Defendant argues that a close reading of this section shows that he should have been provided notice that his sentence would be enhanced to a Class 2 sentence. Our supreme court has stated, "[t]he legislature enacted section 111-3(c) to ensure that a defendant received notice, before trial, of the *offense* with which he is charged." (Emphasis in original.) *People v. Jameson*, 162 Ill. 2d 282, 290 (1994). In construing a statute, we look to the language of the statute itself, as the language ordinarily provides the best evidence of the legislature's intent. *Jameson*, 162 Ill. 2d at 290. In looking at the language of this statute, it is clear to us that the section 111-3(c) notice provision with which defendant is concerned only applies when the prior conviction that would enhance the sentence is not already an element of the offense. Specifically, the language of the section 111-3(c) notice provision itself implies as much when it states "the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during

such trial." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2010). Therefore, notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument.

¶ 27 Here, the charging instrument alleged that defendant was guilty of UUW by a felon in that he, having previously been convicted of the felony offense of delivery of a controlled substance, was found in possession of a gun. The charging instrument alleged that the prior felony of which defendant had been convicted was his prior conviction of delivery of a controlled substance. The section 111-3(c) notice provision does not apply in the instant case because the State did not seek to enhance defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation. See 720 ILCS 5/24-1.1(e) (West 2010) ("Violation of this section by a person not confined in a penal institution who has been convicted of *** a Class 2 or greater felony under the Illinois Controlled Substances Act *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years."); see also, *e.g.*, *People v. Powell*, 2012 IL App (1st) 102363, ¶ 12 (finding, in context of inquiry into whether trial court imposed an impermissible double enhancement in a UUW by a felon conviction, that "[t]he flaw in defendant's reasoning is that the sentencing court did not determine that defendant committed a Class 2 felony; the General Assembly made that determination in enacting section 24-1.1(e). *** The trial court did not impermissibly enhance defendant's penalty, but simply imposed the special penalty range established by the legislature for defendant's conduct.").

¶ 28 We recognize that the Second Division of this court has found on two occasions that the State was required to give notice pursuant to section 111-3(c) that it intended to charge a defendant, who was charged with UUW by a felon, with a Class 2 rather than a Class 3 offense. *People v. Easley*, 2012 IL App (1st) 110023, *appeal allowed*, No. 115581 (Ill. Mar. 27, 2013); *People v. Whalum*, 2012 IL App (1st) 110959 (petition for leave to appeal pending). We disagree with those decisions to the extent they conflict with our decision in the case at bar.

¶ 29 In addition, we note here that, although defendant admits that the State gave him notice of the No. 02 CR 15772 offense, he asserts that "the record, including the presentence investigation report, does not give information about the class of offense." We disagree with this assessment. To the contrary, our review of the record shows that the certified statement of conviction and disposition in the No. 02 CR 15772 case, which was entered into evidence at trial, clearly shows that defendant was convicted of violating section 401(d) of the Illinois Controlled Substances Act on April 21, 2003, and sentenced to four years' imprisonment. The presentence investigation report also included the Chicago police department's criminal history report, which reflects that defendant was convicted of a "Class 1" in "2002CR15772" for violating "720-570/401(D)" and was sentenced to four years in prison. Contrary to defendant's claim, the record did provide information about the class of the prior offense.

¶ 30 We find no error here, where the record establishes that a Class 2 sentence was the only possible sentence classification defendant could have received after having been charged with the crime of UUW by a felon specifically premised on his prior Class 2 felony drug conviction. As such, defendant is unable to establish plain error, and defendant's sentence

is not void. See, *e.g.*, *Wilson*, 404 Ill. App. 3d at 247 ("There can be no plain error if there was no error at all \*\*\*.").

¶ 31                                    III. CONCLUSION

¶ 32        For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

¶ 33        Affirmed.