# Illinois Official Reports

## Appellate Court

*People v. Soto*, **2014 IL App (1st) 121937**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS SOTO, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-1937 |
| Filed | March 14, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was charged with unlawful use of a weapon by a felon based on the knowing possession of firearm ammunition after having been previously convicted of the felony offense of aggravated unlawful use of a weapon, the notice provision of section 111-3(c) of the Criminal Code, which requires the State to notify defendant that it sought to enhance his sentence because of his prior conviction, did not apply, since the State was not seeking to enhance his sentence but, rather, the prior conviction was an element of the charged offense that the State proved at trial by a stipulation; therefore, defendant was properly convicted of the Class 2 felony of unlawful use of a weapon by a felon and sentenced as a Class X offender. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-13152; the Hon. Charles P. Burns, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Arianne Stein, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| | |
| | |
| Panel | JUSTICE McBRIDE delivered the judgment of the court, with opinion. |
| | Justice Palmer concurred in the judgment and opinion. |
| | Presiding Justice Gordon concurred in part and dissented in part, with opinion. |

**OPINION**

¶ 1    Following a jury trial, defendant Carlos Soto was convicted of unlawful use of a weapon by a felon. On appeal, defendant contends that: (1) his conviction must be reversed because the State failed to prove an element of the offense, that he was convicted of a prior felony, where the prior conviction on which the State relied, aggravated unlawful use of a weapon, was based on a statute that has since been declared unconstitutional by our supreme court in *People v. Aguilar*, 2013 IL 112116; and (2) he was improperly convicted of unlawful use of a weapon by a felon as a Class 2 felony offense instead of a Class 3 offense because the State only charged defendant with unlawful use of a weapon by a felon as a the Class 3 offense and failed to give notice that it intended to charge defendant with the enhanced Class 2 offense. We affirm.

¶ 2    Defendant was charged with two counts of unlawful use or possession of a weapon (UUW) by a felon pursuant to section 24-1.1(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.1(a) (West 2010)) "in that he, knowingly possessed in his own abode any firearm ammunition, after having been previously convicted of the felony offense of aggravated unlawful use of a weapon, under case number 08 CR 19898." Count II of the information further specified that the State sought to sentence defendant as a Class 2 offender pursuant to section 24-1.1(e) of the Code (720 ILCS 5/24-1.1(e) (West 2010)) "in that he was on parole or mandatory supervised release at the time of the offense." The State only proceeded to trial on count I.

¶ 3    The information in case number 08 CR 19898 provides that defendant was charged with aggravated unlawful use of a weapon:

> "[I]n that he, knowingly carried on or about his person, a firearm, *** and the firearm possessed was uncased, loaded, and immediately accessible *** and he had been previously convicted of a felony, to wit: manufacture/delivery of controlled substance under case number 05 CR 20515 ***."

¶ 4        The evidence presented at trial by the State essentially showed that at approximately 12:13 p.m. on August 4, 2011, Officers Derrick Patterson and John Sanders, who both testified at trial, went to defendant's residence in response to a call. Patterson and Sanders followed defendant's mother into the house and then went to defendant's room, where defendant was sitting on his bed. Sanders entered the room and observed a box of ammunition sitting on top of a pile of shoe boxes close to defendant's bed. Sanders picked up the box, felt it was heavy, opened the box, and saw bullets inside the box. Sanders placed defendant in custody, then searched the room and recovered an empty magazine clip underneath defendant's bed. Sanders also testified that defendant told the officers that the bullets and magazine clip were defendant's but that defendant's gun was stolen.

¶ 5        The parties stipulated that defendant had a qualifying prior felony conviction for the limited purpose of proving an element of the offense of UUW by a felon.

¶ 6        Defendant presented the testimony of Andre McCullom and defendant's mother. McCullom testified that he found the box of ammunition and magazine clip in his house the day before defendant was arrested and went to show them to Demar Ferris. McCullom and Ferris then went to defendant's house to lift weights even though defendant was not home. McCullom brought the box of ammunition and magazine clip to defendant's house. McCullom and Ferris went into defendant's bedroom to lift weights and McCullom set the box of ammunition on top of the shoebox next to defendant's bed. McCullom did not recall what he did with the magazine clip. When McCullom left defendant's house, he forgot to take the box of ammunition and empty clip with him. Defendant's mother corroborated that she allowed McCullom and Ferris into defendant's bedroom to lift weights the day before defendant was arrested, although defendant was not home at the time.

¶ 7        The jury found defendant guilty. After noting that defendant was "Class X mandatory," the circuit court sentenced defendant to a seven-year prison sentence. According to the mittimus, defendant was convicted of UUW by a felon as a Class 2 felony and was therefore a Class X offender, based on his prior criminal history.

¶ 8        On appeal, defendant first contends that his conviction for UUW by a felon must be reversed because the prior felony conviction on which the State relied, aggravated unlawful use of a weapon (AUUW), is unconstitutional and void pursuant to our supreme court's decision in *People v. Aguilar*, 2013 IL 112116. Defendant concludes that because his prior felony conviction is void, the State failed to prove an element of the offense of UUW by a felon. We note that defendant does not contest the sufficiency of the evidence; he only contests the constitutionality of the underlying AUUW offense on which his UUW by a felon conviction is based.

¶ 9        To sustain a conviction for UUW by a felon pursuant to section 24-1.1(a) of the Code, the State must prove that the defendant, after having been convicted of a felony, knowingly possessed in his own abode any firearm or any firearm ammunition. 720 ILCS 5/24-1.1(a) (West 2010). Here, the record shows the State relied on defendant's prior felony conviction for AUUW under section 24-1.6(a)(1), (a)(3)(A).

¶ 10       Section 24-1.6(a)(1), (a)(3)(A) of the Code provides that a defendant is guilty of AUUW where he knowingly possesses an uncased, unloaded, and immediately accessible firearm. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010). Section 24-1.6(d) provides the sentences for the offense of AUUW, stating:

"(1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years.

***

(3) Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years." 720 ILCS 5/24-1.6(d)(1), (3) (West 2010).

¶ 11    In *Aguilar*, which was modified upon denial of rehearing on December 19, 2013, the supreme court decided the issue of "whether the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) violates the second amendment right to keep and bear arms." *Aguilar*, 2013 IL 112116, ¶ 18. As we discuss later in more detail, the supreme court expressly pointed out that the right to keep and bear arms is subject to reasonable regulation, including the prohibition of possession of a weapon by a felon. *Id*. ¶ 26. Ultimately, the court held that the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) of the Code did violate the second amendment right to keep and bear arms and, therefore, the court reversed the defendant's conviction for AUUW under that section. *Id*. ¶ 22. A statute that has been declared unconstitutional is void *ab initio*, or "was constitutionally infirm from the moment of its enactment and is, therefore, unenforceable." *People v. Blair*, 2013 IL 114122, ¶ 30.

¶ 12    In the present case, however, the record shows that defendant's prior conviction for AUUW in case number 08 CR 19898 was for the Class 2 form of section 24-1.6(a)(1), (a)(3)(A), based on a 2005 felony conviction for the manufacture/delivery of a controlled substance, rather than the Class 4 form of the offense that was at issue in *Aguilar*. See 720 ILCS 5/24-1.6(d)(1), (d)(3) (West 2010). While our supreme court has declared that the Class 4 form of the section 24-1.6(a)(1), (a)(3)(A) AUUW offense is a "wholesale statutory ban" on a constitutional right protected by the second amendment, this holding was limited only to the Class 4 form of the offense. *Aguilar*, 2013 IL 112116, ¶ 21. The supreme court has not determined whether the Class 2 form of the offense is unconstitutional. However, we believe there is no constitutional prohibition on banning the possession of a weapon by a felon where the underlying felony is wholly unrelated to possession of a firearm.

¶ 13    Recently, this very issue was decided by another division of the First District in *People v. Burns*, 2013 IL App (1st) 120929. In *Burns*, the defendant was convicted of the Class 2 form AUUW under section 24-1.6(a)(1), (a)(3)(A), (d) of the Code, based on a prior felony conviction, possession of a controlled substance with intent to deliver. *Burns*, 2013 IL App (1st) 120929, ¶¶ 16, 18. The sole issue on appeal was "whether the Class 2 form of section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute [citation] violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution [citation]." *Id*. ¶ 22. In holding that the Class 2 form of AUUW under section 24-1.6(a)(1), (a)(3)(A), (d) of the Code did not violate the second amendment, and relying on both *Aguilar* and the United States Supreme Court decision in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), the *Burns* court explained:

"In *Aguilar*, our supreme court observed that the right to keep and bear arms is subject to meaningful regulation. [Citation.] Such regulations may include, but are not limited to, ' "*longstanding prohibitions on the possession of firearms by felons ***, or*

laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.' " (Emphasis added.) [Citation.] Indeed, the United States Supreme Court described such provisions as 'presumptively lawful.' [Citation.] Based on similar reasoning, this court has rejected second amendment challenges to other statutes restricting the possession or use of firearms by felons. [Citations.]

*Aguilar* is further instructive on the mode of constitutional analysis to be employed. In that case our supreme court affirmed [the defendant's] other conviction for unlawful possession of a firearm (UPF). [Citation.] [The defendant's] age–17 years old at the time of the offense–was the basis for his conviction under the UPF statute. [Citation.] Our supreme court, based on the almost 150-year history of laws banning the juvenile possession of firearms, concluded 'the possession of handguns by minors is conduct that falls outside the scope of the second amendment's protection.' [Citation.]

In this case, the history of prohibitions on the possession of firearms by felons has been expressly recognized by the United States Supreme Court and the Illinois Supreme Court. [Citations.] Thus, we conclude the possession of firearms by felons is conduct that falls outside the scope of the second amendment's protection. In this case, the Class 2 form of AUUW at issue merely regulates the possession of a firearm by a person who has been previously convicted of a felony. Accordingly, defendant's constitutional challenge to the Class 2 form of the offense in the AUUW statute fails." *Burns*, 2013 IL App (1st) 120929, ¶¶ 25-27.

¶ 14 Similar to the defendant in *Burns*, defendant here is challenging his 2008 conviction for the Class 2 form of AUUW under section 24-1.6(a)(1), (a)(3)(A) as unconstitutional. However, we agree with *Heller*, *Aguilar*, and *Burns* in finding that the prohibition of firearm possession by felons is an historically acceptable limitation on the constitutional right to bear arms. We also note that, in this case, defendant's AUUW conviction was based on a prior felony conviction for the manufacture and delivery of a controlled substance, not for possession of a firearm. Defendant's prior AUUW conviction passes constitutional muster. We see no need to depart from the well-reasoned opinion in *Burns*, and we agree that the Class 2 form of AUUW under section 24-1.6(a)(1), (a)(3)(A) is a reasonable regulation of the second amendment right to bear arms. Defendant's 2008 conviction for AUUW is valid and, accordingly, the State proved defendant was convicted of a prior felony and his conviction for UUW must stand.

¶ 15 Defendant next contends that he was improperly convicted of the Class 2 form of the UUW offense rather than the Class 3 form of the offense because the State failed to properly give him notice that it was seeking to charge him with an enhanced Class 2 form of the UUW offense, as required by section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)). Defendant argues that his sentence must be vacated and his cause remanded for resentencing.

¶ 16 Initially, we note that defendant did not properly preserve this issue for review. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (a defendant forfeits review of an issue if he fails to object at trial and raise the issue in a posttrial motion). However, we may address defendant's claim here because defendant is challenging his sentence as void, and a void sentence may be attacked at any time, directly or collaterally. *People v. Thompson*, 209 Ill. 2d 19, 25 (2004).

¶ 17    Whether the State was required to provide notice to defendant that he was being charged with the Class 2 UUW by a felon offense is a question of statutory interpretation and therefore reviewed *de novo*. *People v. Swift*, 202 Ill. 2d 378, 385 (2002). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). In construing a statute, we first look to the language of the statute itself, because the language usually provides the best evidence of the legislature's intent. *People v. Jameson*, 162 Ill. 2d 282, 288 (1994).

¶ 18    As stated above, to sustain a conviction for UUW by a felon, the State must prove that the defendant knowingly possessed firearm ammunition and that defendant had previously been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2010). Section 24-1.1(e) of the same statute further provides:

> "Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person *** shall be sentenced to no less than 2 years and no more than 10 years ***. Violation of this Section by a person not confined in a penal institution who has been convicted of *** a felony violation of Article 24 of this Code [AUUW] *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 19    Section 111-3(c) of the Code of Criminal Procedure requires:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***." 725 ILCS 5/111-3(c) (West 2010).

¶ 20    Defendant argues that it was the intent of the legislature for section 111-3(c) to "reach those instances which a prior conviction elevates the classification of the offense with which a defendant is charged and convicted, rather than simply the sentence imposed." (Emphasis omitted.) *Jameson*, 162 Ill. 2d at 288. However, there is currently a split in the divisions of the First District as to whether section 111-3(c) applies to prosecutions of the offense of UUW by a felon. In *People v. Easley*, 2012 IL App (1st) 110023,[1] and *People v. Whalum*, 2012 IL App (1st) 110959, cases decided the same day and written by the same author, the Second Division concluded that section 111-3(c) applies to the offense of UUW by a felon, thereby finding that the Class 2 UUW by a felon offense is an enhancement from the Class 3 UUW offense and holding that the State is required to provide defendant with notice that the State is seeking to charge defendant with a Class 2 UUW offense rather than the Class 3 UUW offense. *Easley*, 2012 IL App (1st) 110023, ¶ 32; *Whalum*, 2012 IL App (1st) 110959, ¶ 37. More recently, the majority of a different panel of the Fifth Division came to the same conclusion, also finding

_____

[1]Petition for leave to appeal to the Illinois Supreme Court in *Easley* was allowed on March 27, 2013. See *People v. Easley*, No. 115581 (Ill. Mar. 27, 2013). Oral arguments were held on January 15, 2014, and the case is still pending.

that the State is required to notify defendant that it is charging defendant with the Class 2 UUW by a felon offense rather than a Class 3 UUW offense. *People v. Pryor*, 2013 IL App (1st) 121792, ¶¶ 36-38; but see *Pryor*, 2013 IL App (1st) 121792, ¶ 56 (Palmer, J., dissenting) ("[T]he fact of the prior felony conviction is an element of the offense [of UUW by a felon] that must be proven before the jury. *** I believe, therefore, that section 111-3(c) does not apply to UUW by felon ***.").

¶ 21    However, in *People v. Nowells*, 2013 IL App (1st) 113209, which was decided before *Pryor*, the Fourth Division explicitly rejected the holdings in *Easley* and *Whalum*. *Nowells*, 2013 IL App (1st) 113209, ¶ 28. We find the reasoning in *Nowells* to be more persuasive and therefore choose to follow it here.

¶ 22    In *Nowells*, the defendant was convicted of UUW by a felon and sentenced to a Class 2 sentence of 54 months in prison. *Id.* ¶ 1. On appeal, the defendant argued that "the trial court erred in sentencing him as a Class 2 felon for [UUW] by a felon where the State had charged him with the Class 3 offense of [UUW] by a felon and did not give [him] proper notice that it was charging him with an enhanced Class 2 offense." *Id.* ¶ 17. The court first noted that the Illinois Supreme Court "has stated, '[t]he legislature enacted section 111-3(c) to ensure that a defendant received notice, before trial, of the *offense* with which he is charged.' (Emphasis in original.)" *Id.* ¶ 26 (quoting *Jameson*, 162 Ill. 2d at 290). The court continued:

"In looking at the language of this statute, it is clear to us that the section 111-3(c) notice provision with which defendant is concerned only applies when the prior conviction that would enhance the sentence is not already an element of the offense. Specifically, the language of the section 111-3(c) notice provision itself implies as much when it states 'the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.' (Emphasis added.) [Citation.] Therefore, notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument." *Nowells*, 2013 IL App (1st) 113209, ¶ 26.

¶ 23    In applying its reasoning, the *Nowells* court explained that the charging instrument alleged the defendant had committed the offense of UUW by a felon in that he was found in possession of a firearm after having previously been convicted of a felony offense, delivery of a controlled substance. *Id.* ¶ 27. The court concluded that the "section 111-3(c) notice provision does not apply in the instant case because the State did not seek to enhance [the] defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation." (Emphasis in original.) *Id.*

¶ 24    Similarly here, the information alleged defendant had committed the offense of UUW by a felon in that he knowingly possessed firearm ammunition "after having been previously convicted of the felony offense of aggravated unlawful use of a weapon, under case number 08 CR 19898." The section 111-3(c) notice provision does not apply here because the State did not seek to enhance defendant's sentence; the prior felony conviction was an element that the State had to prove at trial, which it did through a stipulation. Pursuant to the information, a Class 2 sentence was the only statutorily allowed sentence available in his situation. See 720 ILCS 5/24-1.1(e) (West 2010) ("Violation of this Section by a person not confined in a penal

institution who has been convicted of *** a felony violation of Article 24 of this Code ***."). Accordingly, we find the defendant was properly convicted of the Class 2 felony offense of UUW by a felon and, based on his criminal history, was properly sentenced as a Class X offender.

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.

¶ 27    PRESIDING JUSTICE GORDON, concurring in part and dissenting in part.

¶ 28    I concur with the first part of the majority's opinion which finds that the Class 2 form of section 24-1.6(a)(1), (a)(3)(A) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)) is still constitutional even after *People v. Aguilar*, 2013 IL 112116.

¶ 29    However, I respectfully dissent from the portion of the majority's holding which concludes that defendant was properly convicted of the Class 2 form of the UUW offense rather than the Class 3 form of the offense, because the State failed to give him notice that it was seeking to charge him with an enhanced Class 2 form of the UUW offense, as required by section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)).

¶ 30    The majority reaches this holding by suggesting that an opinion that I recently authored, *People v. Pryor*, 2013 IL App (1st) 121792, was wrongly decided. In *Pryor*, Justice Taylor concurred with the opinion which I authored and Justice Palmer dissented. In today's opinion, Justice McBride as the author and together with Justice Palmer constitute the majority.

¶ 31    The majority's opinion acknowledges that there is a split in authority among the appellate courts on this issue and that our supreme court has already accepted this issue for review. For the reasons that I already stated in the *Pryor* opinion which I authored just a few months ago, I dissent here.