# Illinois Official Reports

## Appellate Court

---

### *People v. Whalum*, 2014 IL App (1st) 110959-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAMIAN WHALUM, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-11-0959 |
| Modified opinion filed | November 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful use of a weapon by a felon was upheld, but his sentence for a Class 2 felony based on his prior Wisconsin conviction for delivery of a controlled sentence was reversed and the cause was remanded for resentencing as a Class 3 felony, since the Wisconsin conviction did not qualify to enhance the classification under section 111-3(c) of the Code of Criminal Procedure; furthermore, the mittimus was directed to be corrected to reflect the correct presentence incarceration credit and the mandatory supervised release term was directed to be reduced to one year. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-11294; the Hon. Nicholas Ford, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded for resentencing. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Jeffrey B. Svehla, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Tasha-Marie Kelly, and Gina DiVito, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Connors and Simon concurred in the judgment and opinion.

# OPINION

¶ 1    This cause comes before us on remand from our supreme court to determine whether a different result is warranted in our December 24, 2012, decision in *People v. Whalum*, 2012 IL App (1st) 110959, in light of its March 20, 2014, decision in *People v. Easley*, 2014 IL 115581. *People v. Whalum*, 2014 IL 115582. We held that the State failed to give defendant notice pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) of its intent to seek an increase in the classification of defendant's conviction for unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a), (e) (West 2010)) from a Class 3 offense to a Class 2 offense. *Whalum*, 2012 IL App (1st) 110959, ¶ 37. Our supreme court in *Easley* held that notice to a defendant, also convicted of unlawful use of a weapon by a felon, albeit for a second time (720 ILCS 5/24-1.1(a) (West 2008)), did not have to be given because "section 111-3(c) applies only when the prior conviction is not an element of the offense." *Easley*, 2014 IL 115581, ¶ 19. Our supreme court explained that the defendant's prior conviction as charged in the indictment, *i.e.*, his first conviction for unlawful use of a weapon by a felon, was a required element of the offense with only one resulting possible classification of felony. *Id.*; see 720 ILCS 5/24-1.1(e) (West 2008) (providing that "second or subsequent violation" of the unlawful use of a weapon by a felon statute results in "a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years").

¶ 2    In this case, a jury convicted defendant, Damian Whalum, of unlawful use of a weapon by a felon. 720 ILCS 5/24-1.1(a), (e) (West 2010). The underlying felony, as put forth in the State's charging instrument, was defendant's felony conviction for "delivery of a controlled substance *** under the laws of the State of Wisconsin." After carefully considering *Easley*, we hold that under the unique facts of this case, a different result is not warranted. Section 24-1.1(e) of the Criminal Code of 1961 lists the classification and possible sentences for

unlawful use of a weapon by a felon violations. 720 ILCS 5/24-1.1(e) (West 2010). Defendant's Wisconsin felony conviction for delivery of a controlled substance is not listed as an elevated classification under section 24-1.1(e). 720 ILCS 5/24-1.1(e) (West 2010). Therefore, the State needed to provide defendant here, unlike the defendant in *Easley*, with notice pursuant to section 111-3(c) of the Code of Criminal Procedure in order to enhance the classification of the offense by using another one of defendant's felony convictions not stated in the charging instrument. 725 ILCS 5/111-3(c) (West 2010). The State, however, failed to do so. Therefore, on remand, defendant's conviction should be classified as a Class 3 felony.

¶ 3                                          BACKGROUND

¶ 4        We will only address the facts relevant to our supreme court's holding in *Easley*. A more in-depth discussion of the facts of defendant's arrest and trial can be found in our prior opinion and need not be repeated here. *Whalum*, 2012 IL App (1st) 110959, ¶¶ 4-15.

¶ 5        The State charged defendant by information with two counts of unlawful use of a weapon by a felon. Under count I, the State charged defendant with committing the unlawful use of a weapon by a felon as follows:

> "He, knowingly possessed on or about his person firearm ammunition, to wit: .357 caliber rounds, after having been previously convicted of the felony offense of delivery of a controlled substance, under case number 03CF000296, under the laws of the State of Wisconsin."

Count II is identical to count I, except the firearm ammunition listed was ".40 caliber rounds."[1]

¶ 6        After trial, the jury returned a verdict finding defendant guilty of unlawful use of a weapon by a felon. The circuit court denied defendant's motion for a new trial.

¶ 7        At sentencing, the State asserted that due to defendant's background, he qualified for mandatory Class X sentencing of between 6 and 60 years' imprisonment. The State provided certified copies of conviction for the following five offenses, all from Wisconsin: battery by a prisoner, bail jumping, "substantial battery intend bodily harm," "vehicle operator flee/elude," and felony delivery of a controlled substance. The State also informed the court that defendant had been convicted in Wisconsin of the following three misdemeanor offenses: resisting or obstructing a police officer, battery, and disorderly conduct. After considering the evidence in aggravation and mitigation, the presentence investigative report, the arguments of counsel, and the evidence at trial, the circuit court found that because defendant had two prior Class 2 felonies, it had to sentence him as a Class X offender. The court sentenced defendant to 10 years in prison with 2 years of mandatory supervised release (MSR). The circuit court calculated that defendant should receive 174 days of credit for time served. Although the mittimus initially showed defendant's sentence to include a two-year term of MSR upon his release from prison, the circuit court issued a corrected mittimus showing defendant was to serve a three-year term of MSR.

¶ 8        Defendant raised one trial issue and several issues regarding his sentence on appeal. *Whalum*, 2012 IL App (1st) 110959, ¶ 1. The State disputed the trial issue and two of

---

[1]In our prior opinion, we held the circuit court merged defendant's two convictions under one count. *Whalum*, 2012 IL App (1st) 110959, ¶ 42.

defendant's sentencing issues, but agreed that the matter had to be remanded for resentencing because the circuit court improperly sentenced defendant as a Class X offender and that defendant's mittimus needed correction to reflect the full number of days spent in custody prior to sentencing. *Id.* We entered judgment in the State's favor regarding the trial issue but in defendant's favor regarding the disputed sentencing issues. *Id.* Relevant here, we held that the State failed to provide defendant notice according to section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)) of its intention to seek an enhanced felony classification and sentence for defendant's conviction for unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a), (e) (West 2010)). *Whalum*, 2012 IL App (1st) 110959, ¶ 37.

¶ 9                                                    ANALYSIS

¶ 10    As discussed in our previous opinion, the parties agreed that the circuit court improperly sentenced defendant as a Class X offender and that defendant's mittimus needed to be corrected to reflect 261 days of presentence credit. *Whalum*, 2012 IL App (1st) 110959, ¶¶ 1, 28-29. We also held that defendant's mittimus needed further correction to reflect only one conviction for unlawful use of a weapon by a felon. *Id.* ¶¶ 39-42. Below we will address, in light of our supreme court's decision in *Easley*, whether a different result is warranted on the issue of whether the State was required to provide defendant notice pursuant to section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)) of its intention to seek an enhanced classification of defendant's conviction.

¶ 11    Defendant argues the circuit court erred when it enhanced his conviction from a Class 3 offense to a Class 2 offense because the State failed to give notice in its charging instrument that it was seeking an enhanced sentence under section 111-3(c) of the Code of Criminal Procedure. 725 ILCS 5/111-3(c) (West 2010). Defendant admits that he did not properly preserve this issue for appellate review, but contends that his sentence is void and, therefore, can be challenged at any time.

¶ 12    In response, the State argues defendant forfeited review of this claim for failing to properly preserve it for appellate review. Alternatively, the State argues that it was not required to give defendant notice because it was not seeking an enhanced sentence based on defendant's prior conviction; rather, it was imposing the sentence that was mandated by statute. The State maintains that defendant's Wisconsin convictions qualify as forcible felonies under the residual clause of section 2-8 of the Criminal Code. 720 ILCS 5/2-8 (West 2010).

¶ 13    In supplemental briefing before this court, defendant argues that his prior conviction that the State alleged in its charging instrument, *i.e.*, his Wisconsin conviction for delivery of a controlled substance, cannot support a Class 2 felony as section 24-1.1(e) of the Criminal Code (720 ILCS 5/24-1.1(e) (West 2010)) lists only Illinois convictions. Defendant maintains this court should rely on the plain language of section 24-1.1(e) of the Criminal Code. 720 ILCS 5/24-1.1(e) (West 2010). In response, the State argues defendant's Wisconsin conviction for delivery of a controlled substance is at least the equivalent of a Class 2 felony under the Illinois Controlled Substances Act, which requires a Class 2 sentence. The State argues defendant's interpretation of section 24-1.1 of the Criminal Code (720 ILCS 5/24-1.1 (West 2010)) leads to an absurd result.

¶ 14    We will review the merits of defendant's claim because he challenges his sentence as void, an error that can be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Our review is *de novo* because it involves interpreting the construction of a statute. *People v.*

*Robinson*, 172 Ill. 2d 452, 457 (1996). In doing so, we must ascertain and give effect to the legislature's intent. *Easley*, 2014 IL 115581, ¶ 16. The legislature's intent is best shown by the plain and ordinary meaning of the language of the statute. *Id.*

¶ 15        Section 111-3 of the Code of Criminal Procedure addresses the requirements and form of a criminal charging instrument. 725 ILCS 5/111-3 (West 2010); *People v. Nowells*, 2013 IL App (1st) 113209, ¶ 23. Subsection (c) of section 111-3 provides, in relevant part:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2010).

¶ 16        Section 111-3(c) ensures "that a defendant received notice, before trial, of the *offense* for which he is charged." (Emphasis in original.) *People v. Jameson*, 162 Ill. 2d 282, 290 (1994). In enacting the statute, the legislature "intended [the] statute to reach those instances in which a prior conviction elevates the classification of the *offense* with which a defendant is charged and convicted, rather than simply the sentence imposed." (Emphasis in original.) *Id.* at 288. The notice provision contained in section 111-3(c), however, "applies only when the prior conviction that would enhance the sentence is not already an element of the offense." *Easley*, 2014 IL 115581, ¶ 19. Where a prior conviction is a required element of the offense, "only one class of felony conviction is possible for the offense as alleged in the charging instrument." *Id.*; *Nowells*, 2013 IL App (1st) 113209, ¶ 26 ("notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument").

¶ 17        In the case at bar, the State charged defendant by information with unlawful use of a weapon by a felon for possessing ammunition "after having been previously convicted of the felony offense of delivery of a controlled substance *** under the laws of the State of Wisconsin" in violation of section 24-1.1(a) of the Criminal Code. 720 ILCS 5/24-1.1(a) (West 2010) ("It is unlawful for a person to knowingly possess *** any firearm ammunition if the person has been convicted of a felony under the laws of this State or *any other jurisdiction*." (Emphasis added.)). At trial, the State proved, and defendant does not dispute here, that defendant knowingly possessed the ammunition and, through a certified copy of his Wisconsin conviction for delivery of a controlled substance, that he had a prior felony. Accordingly, under section 24-1.1 of the Criminal Code, the class of the offense, and the possible sentence, is dictated by subsection (e). 720 ILCS 5/24-1.1(e) (West 2010). An initial violation of section 24-1.1 by a person not in a penal institution results in a Class 3 felony, with a possible sentence of between 2 and 10 years in prison. 720 ILCS 5/24-1.1(e) (West 2010). A second or subsequent violation of section 24-1.1 results in a Class 2 felony with a sentencing range of between 3 and 14 years in prison. 720 ILCS 5/24-1.1(e) (West 2010). The other Class 2 felonies, as dictated by section 24-1.1(e), are as follows:

"Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony violation of Article 24 of this Code or of the Firearm Owners Identification Card Act, stalking or aggravated stalking, or a Class 2 or greater felony under the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years. Violation of this Section by a person who is on parole or mandatory supervised release is a Class 2 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 18 Applying defendant's underlying felony as stated in the charging instrument, *i.e.*, "delivery of a controlled substance *** under the laws of the state of Wisconsin," to the possible classification and sentences he could receive under section 24-1.1(e), we hold his Wisconsin felony could only result in a Class 3 felony and a prison sentence of between 2 and 10 years. 720 ILCS 5/24-1.1(e) (West 2010). Defendant's Wisconsin felony does not fall under any of the specific types of felonies listed under section 24-1.1(e) that require a violation to be classified as a Class 2 felony because it is not a violation of article 24 of the Criminal Code of 1961, the Firearm Owners Identification Card Act, the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act, or a second violation of section 24-1.1. 720 ILCS 5/24-1.1(e) (West 2010). Similarly, it also does not fall under any of the more general categories listed under section 24-1.1(e), *i.e.*, a conviction for a forcible felony,[2] stalking, aggravated stalking, or status as a parolee.[3] 720 ILCS 5/24-1.1(e) (West 2010). Had defendant's prior Wisconsin felony fallen into any one of the above categories, defendant's conviction would be a Class 2 felony and notice under section 111-3(c) of the Code of Criminal Procedure would not have been required because "such notice is unnecessary when the prior conviction is already a required element of the offense and only one class of felony is possible for that offense as alleged in the charging instrument." *Easley*, 2014 IL 115581, ¶ 24. Defendant's Wisconsin felony conviction for delivery of a controlled substance, however, does not fall into any of the delineated categories under section 24-1.1(e). 720 ILCS 5/24-1.1(e) (West 2010).

¶ 19 Accordingly, it follows that if the State wanted defendant's conviction for unlawful use of a weapon by a felon to be a Class 2 felony, it could have done so by using a different prior conviction or by giving defendant notice. The State could have used a different prior conviction for the enhanced classification and sentence, one that falls under one of the categories listed in section 24-1.1(e), as an element of the offense. This would have eliminated the need to provide notice for an enhanced sentence under section 111-3(c) of the Code of Criminal Procedure. *Easley*, 2014 IL 115581, ¶ 19. Or, the State could have used defendant's Wisconsin felony conviction for delivery of a controlled substance, as it did, but given defendant notice in the charging instrument according to section 111-3(c) of the Code of Criminal Procedure. Here, as argued by the State, that other prior conviction is defendant's

---

[2]See 720 ILCS 5/2-8 (West 2010) (for the list of forcible felonies).

[3]The State does not raise any argument that defendant was on parole at the time of his arrest for the underlying conviction of delivery of a controlled substance.

Wisconsin conviction for substantial battery.[4] The State's failure to do either results in defendant's proper felony classification being a Class 3 felony under section 24-1.1(e) and its resulting possible prison sentence, 2 to 10 years. 720 ILCS 5/24-1.1(e) (West 2010).

¶ 20 The State's use of defendant's prior felony conviction for delivery of a controlled substance under the laws of Wisconsin as an element in its charge of unlawful use of a weapon by a felon makes this case factually unique because it does not fall into any of the Class 2 felony categories in section 24-1.1(e) of the Criminal Code. 720 ILCS 5/24-1.1(e) (West 2010). We disagree with the State's contention that notice under section 111-3(c) of the Code of Criminal Procedure was not required because defendant's Wisconsin conviction for delivery of a controlled substance would be the equivalent of a Class 2 or greater felony under the Illinois Controlled Substances Act or one of the other drug-related Acts listed in section 24-1.1(e) of the Criminal Code. See 720 ILCS 5/24-1.1(e) (West 2010). The legislature's intent is best shown by the plain and ordinary meaning of the language of the statute. *Easley*, 2014 IL 115581, ¶ 16. Here, the legislature listed the following Illinois statutes specifically: the Illinois Controlled Substances Act, article 24 of the Criminal Code, the Firearm Owners Identification Card Act, the Cannabis Control Act, and the Methamphetamine Control and Community Protection Act. Had the legislature wanted to include violations of similar crimes in other states, it would have done so. Presumably, it would have done so not by listing specific statutes but, rather, setting out a general description of the crime. For example, within section 24-1.1(e), the legislature listed the following crimes generally, without stating the specific Illinois statute they fall under, as Class 2 felonies: a forcible felony, stalking, aggravated stalking, and status as a parolee. 720 ILCS 5/24-1.1(e) (West 2010). As discussed above, the prior conviction the State charged as an element of the offense of unlawful use of a weapon by a felon, defendant's Wisconsin conviction for delivery of a controlled substance, does not fall within any of the specific or general categories listed under section 24-1.1(e).

¶ 21 The unique factual situation of this case also makes it distinguishable from other recent Illinois cases where a defendant convicted of unlawful use of a weapon by a felon alleges improper notice under section 111-3(c) of the Code of Criminal Procedure. In *People v. Easley*, the defendant, like defendant here, was convicted of unlawful use of a weapon by a felon. *Easley*, 2014 IL 115581, ¶ 1. Unlike defendant in the case at bar, however, the *Easley* defendant's prior conviction supporting the charge, as stated in the indictment, was a prior conviction for unlawful use of a weapon by a felon. *Id.* ¶ 22. Section 24-1.1(e) of the Criminal Code provides that " 'any second or subsequent violation' " of the unlawful use of a weapon statute is a Class 2 felony with a sentencing range of 3 to 14 years' imprisonment. (Emphasis omitted.) *Id.* ¶ 21 (quoting 720 ILCS 5/24-1.1(e) (West 2008)). Our supreme court held that the notice provision of section 111-3(c) did not apply "because the State did not seek to enhance defendant's sentence with his prior conviction. Rather, as alleged in the indictment, defendant's Class 2 sentence was the only statutorily allowed sentence under section 24-1.1(e) of the Criminal Code." *Id.* ¶ 22.

---

[4]As explained by the parties, Wisconsin has a category of battery titled substantial battery, which is a step below aggravated battery. Wis. Stat. § 940.19 (2010). The parties dispute whether a Wisconsin substantial battery is a forcible felony. Due to our conclusion in this case, we need not resolve this dispute.

¶ 22    Other divisions of this court have also addressed similar factual situations to *Easley* and held that notice according to section 111-3(c) of the Criminal Code of Procedure was not necessary where the prior conviction used as an element of the crime of unlawful use of a weapon mandated a specific classification under section 24-1.1(e). See *Nowells*, 2013 IL App (1st) 113209, ¶ 24 (defendant's prior conviction for delivery of a controlled substance under the Illinois Controlled Substances Act); *People v. Wilbourn*, 2014 IL App (1st) 111497, ¶ 4 (prior conviction of aggravated battery resulting in great bodily harm, a forcible felony); *People v. Polk*, 2014 IL App (1st) 122017, ¶ 13 (prior conviction of the forcible felony of conspiracy to commit murder); *People v. Lewis*, 2014 IL App (1st) 122126, ¶¶ 29-30 (prior conviction of the forcible felony of aggravated robbery); *People v. Pryor*, 2014 IL App (1st) 121792-B, ¶ 7 (prior conviction for unlawful use of a weapon by a felon). In the case at bar, however, the State is attempting to have defendant's conviction classified as a Class 2 felony based on a substantial battery conviction from Wisconsin. Because the substantial battery conviction was not charged as an element of the offense of unlawful use of a weapon by a felon, the State needed to provide notice under section 111-3(c) of the Criminal Code of Procedure before the substantial battery conviction could elevate the classification of the conviction from a Class 3 felony to a Class 2 felony.[5] The State failed to do so here. Accordingly, on remand, defendant should be classified and sentenced for a Class 3 felony.

¶ 23    To avoid confusion, we will repeat our conclusion from our initial opinion, but stress that we have carefully considered our supreme court's holding in *Easley* upon reconsideration. The unique facts of this case, specifically the State's use of defendant's Wisconsin felony conviction for delivery of a controlled substance as the element of a prior felony conviction in the charging instrument, render this case factually distinguishable to the facts of *Easley*. Accordingly, as stated in our prior opinion, we affirm defendant's conviction but remand the matter for resentencing. *Whalum*, 2012 IL App (1st) 110959, ¶ 1. Upon resentencing, defendant should be sentenced for a Class 3 felony pursuant to section 24-1.1(e) of the Criminal Code. 720 ILCS 5/24-1.1(e) (West 2010). Defendant's mittimus should also be corrected to reflect 261 days of presentence credit and a conviction for a single count of unlawful use of a weapon by a felon. *Whalum*, 2012 IL App (1st) 110959, ¶¶ 1, 28-29, 42. Defendant's term of MSR should also be reduced to one year. *Id*. ¶ 44 (citing 730 ILCS 5/5-4.5-40(*l*) (West 2010)).

¶ 24                                                    CONCLUSION
¶ 25    The judgment of the circuit court of Cook County is affirmed in part, reversed in part, and remanded for resentencing.

¶ 26    Affirmed in part and reversed in part; cause remanded for resentencing.

---

[5]We stress that we make no judgment on whether defendant's substantial battery conviction would qualify as a forcible felony under section 24-1.1(e). Rather, we merely hold that if the State wanted to enhance the classification of defendant's felony from a Class 3 to a Class 2, it had to provide defendant with notice in this case because the substantial battery conviction was not an element of the offense charged.